### In re WIREBOUND BOXES ANTITRUST LITIGATION.

**This document relates to: All Cases.**

**No. MDL–793.**

United States District Court, D. Minnesota.

Jan. 5, 1989.

Opperman, Heins & Paquin, Vance K. Opperman, Samuel D. Heins, Richard A.

Lockridge and Margaret H. Chutich, Minneapolis, Minn., Lead Counsel.

Oppenheimer, Wolff & Donnelly, Wayne G. Faris, St. Paul, Minn., Liaison Counsel.

Vance K. Opperman, Opperman & Paquin, Minneapolis, Minn., for TCI, Inc.

Judah I. Labovitz, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., Burton I. Weinstein, Baskin, Server, Berke & Weinstein, Chicago, Ill., for A. Lakin & Sons, Inc.

Granvil I. Specks, Specks & Goldberg, Chicago, Ill., Saveri and Saveri, Guido Saveri, San Francisco, Cal., for Ronald Collins, d/b/a Ron–O's Seafood.

Robert A. Skirnick, Kaplan, Kilsheimer & Foley, New York City, Robert S. Atkins, Chicago, Ill., for William Consalo & Sons, Inc.

Margaret H. Chutich, Tanick & Heins, Minneapolis, Minn., for CYMBA International, Inc.

Arnold A. Pagniucci, Sachnoff, Weaver & Rubenstein, Chicago, Ill., for American Box and Altamil Corp.

Steven M. Bierman, Sidley & Austin, New York City, for Southwest Subsidiary Co., Stone Container Corp.

Guy Amsler, Jr., Barker, McCaskill, Amsler, Jones & Hale, Little Rock, Ark., of counsel, Gray, Plant, Mooty, Mooty & Bennett, P.A., Daniel R. Shulman, Richard G. Braman, George R. Wood, Minneapolis, Minn., for Little Rock Crate & Basket Co.

Watson B. Tucker, Mayer Brown & Platt, Chicago, Ill., Oppenheimer Wolff & Donnelly, St. Paul, Minn., for Charles G. Whitchurch and Whitchurch Management Corp.

Kenneth M. Kramer, Shearman & Sterling, New York City, for Georgia–Pacific Corp.

John F. McClatchey, Thompson, Hine & Flory, Cleveland, Ohio, for Great American Wirebound Box Co.

John Czarnecki, Cooper, Straub, Walinski & Cramer, Toledo, Ohio, for General Box Co.

Jonathan G. Bunge, Keck, Mahin & Cate, Chicago, Ill., for Martin Bros. Container & Timber Products Corp.

Theodore R. Tetzlaff, Jenner & Block, Chicago, Ill., for Wirebound Box Mfrs. Ass'n.

James B. Loken, Faegre & Benson, Minneapolis, Minn., for Wisconsin Box Co.

### MANAGEMENT ORDER NO. 1

DIANA E. MURPHY, District Judge.

A number of cases have been assigned to this court for coordinated or consolidated pretrial purposes. Schedule A, attached hereto, lists the cases transferred pursuant to the November 29, 1988 order of the Judicial Panel on Multidistrict Litigation, as well the related actions originally filed in this court. The last of the files in the three transferred cases was received on January 3, 1989. In the meantime some communications have been received from counsel for parties.

Several motions appear to be pending, and a hearing on some was previously scheduled for January 13, 1989. Requests have been received to set the initial pretrial conference, and two proposed procedural orders have been submitted, as well as a letter related to a proposed settlement.

The court has reviewed the panel's order and the available files and communications, and it is apparent that organizational steps should be taken so that the litigation may proceed. Accordingly, based on the above and all the files, records, and proceedings herein, IT IS HEREBY ORDERED:

1. This order shall govern the practice and procedure in those actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to their order of November 29, 1988 as well as all related actions originally filed in this court or transferred or removed to this court. These actions are listed in Schedule A attached hereto. This order shall also apply to related cases later filed in, removed to, or transferred to this court. This order does not have the effect of making any entity a party to an action in which it has

not been joined and served in accordance with the Federal Rules of Civil Procedure.

2. The clerk shall maintain a master docket and case file under the style "In re Wirebound Boxes Antitrust Litigation," master file number MDL–793. All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable.

3. Counsel for defendants shall call to the attention of the court, plaintiffs' counsel, and clerk of court each subsequently filed or transferred action which relates to the subject matter of the within action.

4. Every pleading in these proceedings shall bear the following caption:

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

FOURTH DIVISION

In re Wirebound Boxes

Antitrust Litigation

Master File No. MDL–793

This document relates to:

5. When a pleading is intended to be applicable to all actions to which this order is applicable, the words "All Cases" shall appear immediately after the words "This document relates to:" in the caption set out above. When a pleading is intended to be applicable to some, but not all, of such actions, this court's docket number for each individual action to which the paper is intended to be applicable and the last name of the named plaintiff in said action shall appear immediately after the words "This document relates to:" in the caption described above, e.g., "Civ. 4–88–771(TCI)."

6. When a paper is filed and the caption, pursuant to paragraph 5 above, shows that it is to be applicable to "All Cases," the clerk shall file such paper in the master file and note such filing in the master docket. No further papers need be filed or docket entries made.

When a paper is filed and the caption, pursuant to paragraph 5 above, shows that it is to be applicable to less than all of these consolidated actions, the clerk shall file a copy of such paper in the master file and a copy in the file of each specific action to which the paper is intended to be applicable, and shall note such filing in the master docket and in the docket of each such action. It shall be the responsibility of the party filing such paper to supply the clerk with sufficient copies of any such paper to facilitate his compliance with the directions of this paragraph.

7. All pretrial orders issued in these coordinated proceedings shall be numbered consecutively. Any reference to an order of this court in any document filed with the court shall include the proper number of the order.

8. The Local Rules of the United States District Court for the District of Minnesota shall govern all further proceedings in this litigation except as modified herein or by further order of this court.

9. No parties to any of these actions shall be required to obtain local counsel in this district, and the portion of Rule 1(D) of the Local Rules of this court requiring association with an active Minnesota resident member of the bar of this court is waived as to any attorney appearing in these actions who is duly admitted to practice before any United States district court. This provision is designed to accommodate the parties and counsel, but it may be changed or eliminated if difficulties materialize in communication or cooperation with the court or counsel.

10. The parties herein, and all subsequent parties with notice of this order, shall preserve all documents and other records containing information relevant to the subject matter of this litigation. Subject to further order of the court, parties may continue routine erasures of computerized data pursuant to existing programs, but they shall (1) immediately notify opposing counsel about such programs and (2) preserve any printouts of such data. Requests for relief from this order will receive prompt attention from the court.

11. The motion of plaintiff TCI, Inc. to certify its class action and the motions of defendant Martin Bros. Container & Timber Products Corp. to dismiss were scheduled for hearing on January 13, 1989. Since the immediate need in these cases is to have an organizational meeting, the hearings on these motions will be continued, and all other motions filed or scheduled in these coordinated and consolidated proceedings will be continued and temporarily stayed.

12. Any orders previously entered in these cases, including protective orders, shall remain in full force and effect unless modified by this court upon application.

13. All discovery proceedings in these actions are stayed until further order of this court. The time requirements to perform any acts or file any papers pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled until the first pretrial conference, after which a discovery schedule will be established. This directive does not preclude informal discovery regarding the identification and location of relevant documents and witnesses.

14. The court will be guided by the Manual for Complex Litigation, Second, approved by the Judicial Conference of the United States, and counsel are expected to be knowledgeable about that publication.

15. Vance K. Opperman, Esq., is appointed as interim lead counsel for the plaintiff class and Wayne G. Faris, Esq., is appointed as interim liaison counsel for the defendants in these consolidated and coordinated pretrial proceedings. Their addresses are provided on Schedule B, attached hereto. Service of any order upon plaintiffs' interim lead counsel shall be effective as to all plaintiffs until further order of the court.

16. All parties shall appear for a conference on February 2, 1989, at 9:00 a.m. in Courtroom 3 of the United States Courthouse in Minneapolis, Minnesota.

(a) Each party represented by counsel shall appear through its attorney who will have primary responsibility for its interests in this litigation. Parties not represented by counsel are expected to appear in person or through a responsible officer. Attendance at the conference will not waive objections to jurisdiction, venue, or service.

(b) A list of the names and addresses of the persons to whom this order is being mailed is appended as Schedule B. Counsel are requested to advise the clerk of any additions or corrections to this list and to forward a copy of this order to any other attorneys or parties who should be notified, including those in any additional related cases that may be filed in, removed to, or transferred to this court before the conference.

(c) Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

17. The conference will be held for the purposes specified in Fed.R.Civ.P. 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f). In particular, the conference will focus on setting deadlines for discovery and motions and additional claims or joinders, and scheduling the order in which motions should be brought. The designation of lead counsel and executive committees for plaintiffs and defendants will also be discussed. Counsel shall advise the court in writing by January 27, 1989 of any additional items that should be discussed at the conference.

18. Before the conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, and trial. Counsel should also discuss designation of lead counsel and executive committees, and if they cannot agree, then nominations may be made to the court. The court designates Vance K. Opperman and Wayne G. Faris to arrange the initial meetings of plaintiffs' and defendants' counsel respectively.

19. Counsel shall submit to the court by January 27, 1989, a brief written statement indicating their preliminary understanding of the facts involved in the litigation and what they expect to be the critical factual and legal issues. These statements will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.

20. To assist the court in identifying any possible need for recusal, counsel shall submit to the court by January 27, 1989, a list of all companies affiliated with the parties and all counsel associated in the litigation.

21. Plaintiffs' interim lead counsel is directed to present this court with a proposed discovery plan, a proposed briefing schedule for class certification, and any other relevant materials by January 27, 1989. Plaintiffs' interim lead counsel is also directed to confer on these matters with defendants' interim liaison counsel prior to the scheduled conference.

22. Plaintiffs' interim lead counsel and defendants' interim liaison counsel are directed to present the court at the initial conference with proposed deadlines for filing a unified and consolidated complaint or amended complaints and for answering or filing motions pursuant to Fed.R.Civ.P. 12.

23. Counsel are directed to send copies of all proposed orders, submissions, and correspondence with the court to other counsel.

24. Thomas C. Bartsh, Esq., is appointed as an interim special master pursuant to Fed.R.Civ.P. 53. He shall serve for a term of ninety days, and shall assist the court in organizing this litigation and report on all matters that the court shall direct. The special master shall be compensated at the rate of $160.00 per hour on a monthly basis; his fees shall be paid one-half by the plaintiffs and one-half by the defendants. The special master's monthly bill shall be served upon lead counsel for plaintiffs and liaison counsel for defendants, and will be approved by the court unless objection is received within ten days. Lead counsel for plaintiffs and liaison counsel for defendants shall be responsible for collecting funds and promptly paying the special master's fees. All papers served or filed in this action shall also be served upon the special master.

## SCHEDULE A

### MDL–793—IN RE WIREBOUND BOXES ANTITRUST LITIGATION

District of Minnesota

*TCI, Inc. v. General Box Co.,* Civ. 4–88–771

*Ronald Collins, d/b/a Ron–O's Seafood v. Great American Wirebound Box Co.,* Civ. 4–88–1093

*William Consalo & Sons, Inc. v. Great American Wirebound Box Co.,* Civ. 4–88–1094

*A. Lakin & Sons, Inc. v. General Box Co.,* Civ. 4–89–1

*Cymba International, Inc. v. General Box,* Civ. 3–88–835 [1]

## SCHEDULE B

### PANEL ATTORNEY SERVICE LIST

MDL–793—In Re Wirebound Boxes Antitrust Litigation

*TCI, INC.*

Vance K. Opperman, Esq.

Opperman & Paquin

2200 Washington Square Building

100 Washington Avenue South

Minneapolis, Minnesota 55401

*A. LAKIN & SONS, INC.*

Judah I. Labovitz, Esq.

Cohen, Shapiro, Polisher, Shiekman & Cohen

PSFS Building, 22nd Floor

12 South 12th Street

Philadelphia, Pennsylvania 19107

*RONALD COLLINS, d/b/a RON–O'S SEAFOOD*

Granvil I. Specks, Esq.

Specks & Goldberg

---

**1.** This action has been assigned to Judge Robert G. Renner.

10 South Wacker Drive—Suite 4000
Chicago, Illinois 60606

*WILLIAM CONSALO & SONS, INC.*
Robert A. Skirnick, Esq.
Kaplan, Kilsheimer & Foley
122 East 42nd Street
New York, New York 10168

*CYMBA INTERNATIONAL, INC.*
Margaret H. Chutich, Esq.
Tanick & Heins
701 Fourth Avenue South—Suite 1800
Minneapolis, Minnesota 55415

*AMERICAN BOX*

*ALTAMIL CORPORATION*
Arnold A. Pagniucci, Esq.
Sachnoff, Weaver & Rubenstein
30 South Wacker Drive—Suite 2900
Chicago, Illinois 60606

*GEORGIA–PACIFIC CORPORATION*
Kenneth M. Kramer, Esq.
Shearman & Sterling
153 East 53rd Street
New York, New York 10022

*GREAT AMERICAN WIREBOUND BOX COMPANY*
John F. McClatchey, Esq.
Thompson, Hine & Flory
1100 National City Bank Building
Cleveland, Ohio 44114

*GENERAL BOX COMPANY*
John Czarnecki, Esq.
Cooper, Straub, Walinski & Cramer
900 Adams Street
P.O. Box 1568
Toledo, Ohio 43624

*THE MARTIN BROS. CONTAINER & TIMBER PRODUCTS CORP.*
Jonathan G. Bunge, Esq.
Keck, Mahin & Cate
8300 Sears Tower
Chicago, Illinois 60606

*WIREBOUND BOX MANUFACTURERS ASSOCIATION*
Theodore R. Tetzlaff, Esq.
Jenner & Block
One IBM Plaza—4200 Floor
Chicago, Illinois 60611

*WISCONSIN BOX COMPANY*
James B. Loken, Esq.
Faegre & Benson
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402

*SOUTHWEST SUBSIDIARY COMPANY*
*STONE CONTAINER CORPORATION*
Steven M. Bierman, Esq.
Sidley & Austin
520 Madison Avenue
New York, New York 10022

*LITTLE–ROCK CRATE & BASKET CO.*
Guy Amsler, Jr., Esq.
Barker, McCaskill, Amsler, Jones & Hale
1200 Union National Plaza
Little Rock, Arkansas 72201

*CHARLES G. WHITCHURCH*
*WHITCHURCH MANAGEMENT CORPORATION*
Watson B. Tucker, Esq.
Mayer Brown & Platt
190 South LaSalle Street
Chicago, Illinois 60603

*DEFENDANTS' INTERIM LIAISON COUNSEL*
Wayne G. Faris, Esq.
Oppenheimer, Wolff & Donnelly
West 1700 First Bank Building
St. Paul, Minnesota 55101

*SPECIAL MASTER*
Thomas C. Bartsh, Esq.
Suite 1510
8500 Normandale Lake Boulevard
Minneapolis, MN 55437