## In re WIREBOUND BOXES ANTITRUST LITIGATION.

**This document relates to: All Cases.**

### No. MDL-793.

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 23, 1989.

MANAGEMENT ORDER 2

DIANA E. MURPHY, District Judge.

A pretrial conference was held on February 2, 1989, pursuant to this court's Management Order 1. 128 F.R.D. 250. Counsel representing each of the plaintiffs and defendants in the five cases pending before this court were present.[1]

Prior to the conference, the parties submitted a number of papers outlining their positions on the organization of counsel, the coordination of filing and briefing motions, the order in which motions should be addressed, the manner in which discovery should be pursued, and the special master. The parties addressed these issues further at the conference and in subsequent submissions, the last of which was received on February 21, 1989.[2]

The parties have some agreement as to how the litigation should be pursued, but strong differences of opinion on certain organizational matters. A division exists between counsel for plaintiffs Collins and William Consalo & Sons (Collins and Consalo) and counsel for plaintiffs TCI, A. Lakin & Sons, and Cymba International (TCI, Lakin, and Cymba). Among the defendants, there is a difference between Stone Container Corporation and Southwest Subsidiary Company (settling defendants) and the other twelve defendants (non-settling defendants).

The settling defendants and Collins and Consalo seek preliminary approval of their proposed settlement at an early date. They argue that it is a fair settlement and that these defendants should not be required to continue in this litigation any further. The remaining parties oppose disposition of the settlement motion at this time, arguing that the litigation would proceed more coherently and efficiently if the motion were put off until other motions are heard. They note that the court is not yet familiar with the facts and substantive issues in the cases and contend that it would be most productive for motions for class certification to be determined first. The court is persuaded that preliminary approval of the proposed settlement at this time would be premature.

TCI, Lakin, Cymba, and most of the defendants reached an agreement on the order in which motions should be addressed, a schedule for their disposition, the manner in which discovery should proceed, a cutoff date for discovery, and a ready for trial date. They propose early filing of amended complaints or a consolidated complaint, new Rule 12 motions or answers, and disposition of those motions as early as April. They also suggest early filing of plaintiffs' motion for class certification, time periods for discovery relating to the motion, and disposition of the motion as early as June. They propose that discovery on the merits proceed immediately with regard to documents which have already been requested. They would stay other discovery until after disposition of disputes regarding the pending document requests, which could occur as early as April under their plan. They propose a discovery cut off date of August 1, 1990, and a ready for trial date of October 1, 1990.

Collins and Consalo object to this schedule. They contend that it ignores what has been accomplished so far in the cases and sets deadlines which are much too pessi-

---

1. Counsel in two related cases which have not yet been transferred to this court, *Tom Lazio Fish Co. v. Great Am. Wirebound Box Co.*, No. C-89-0270 (N.D.Cal. Jan. 30, 1989), and *Vineland Coop. Produce Ass'n, Inc.*, No. 89 Civ. 440 (D.N.J. Jan. 30, 1989), were also present.

2. The court has also received a letter dated February 16, 1989 from Granvil I. Specks indicating that he plans to file a future motion to disqualify the court and three plaintiffs' counsel. A responsive letter from Vance K. Opperman was received on February 23, 1989.

mistic. They propose proceeding with the Rule 12 motions which have been filed and briefed in their cases and deeming all but two of those motions to apply in the other cases. They propose proceeding with all discovery immediately. They criticize the other plaintiffs' proposed order because it would permit the filing of a unified and consolidated complaint even though their own proposed order contains a similar provision. They suggest addressing the class certification question by mid-April, completing discovery by September 30, 1989, and setting a ready for trial date of November 1, 1989.

The plaintiffs all indicate that the complaints in the five cases will be either joined in a unified and consolidated complaint or amended to be largely identical. Nevertheless, Collins and Consalo persist in referring to themselves as the "nationwide plaintiffs' class," attempting to distinguish themselves from the other plaintiffs which they assert allege only a six state, regional plaintiffs' class. They choose to overlook the *Cymba* action in which a nationwide class is also alleged.

It appears to the court that it would be beneficial and economical to allow amendment of the complaints and responsive answers or Rule 12 motions rather than to address the existing Rule 12 motions at the outset. This will allow input from all of the parties and permit the court to address all the claims at one time. Until amendments are made to the pleadings, it is not certain whether claims will be the same or similar in each case.

Discovery should recommence immediately. The court agrees with Collins and Consalo that there is no reason to prevent depositions from being taken at this time if the parties choose to proceed in that way. The court also agrees with some of the deadlines suggested by the other parties for proceeding with discovery.

The discovery and trial readiness deadlines proposed by Collins and Consalo appear to be unrealistic. While their counsel assert that they are well into discovery, only two short depositions have been taken and only limited document discovery has been initiated. No interrogatories have yet been answered. The parties can not realistically be expected to complete discovery by September 30, 1989. The deadlines suggested by the other parties appear more realistic and will be adopted. The parties should be on notice that these are firm deadlines which require compliance.

Collins and Consalo object that the provision for preservation of documents in Management Order 1 is underinclusive. They request that the court adopt their proposed order for preservation of documents. Collins and Consalo and all the defendants to their suits have already agreed to abide by that proposed order. At the time of their agreement, they indicated that the court in the Southern District of New York need not enter the order. Those parties remain bound by that agreement. Collins and Consalo have not suggested why they now want their agreement incorporated into an order by this court. No other parties have sought a modification of the provision in Management Order 1, and it will remain unchanged at this time.

Counsel have also discussed a protective order. A number of defendants have proposed that such an order be entered, allowing the parties to prevent public disclosure of certain documents. Collins and Consalo object to the entry of *"any* protective order ... unless and until the party seeking such order makes the requisite showing of 'good cause'...." At the same time, they have proposed a protective order of narrower scope, and criticize the other plaintiffs for not making a similar proposal. It does appear that a provision protecting the confidentiality of documents would facilitate the conduct of discovery and further the parties' interests.

Counsel also vary in their positions regarding the special master. The non-settling defendants oppose use of a special master. They object to the expense and assert that these cases are not of a number, size, or complexity to warrant such an appointment. TCI, Lakin, and Cymba join the non-settling defendants in objecting to the appointment of Thomas C. Bartsh as special master. They perceive that Bartsh

has an appearance of bias because he was asked by counsel for Collins to act as local counsel before the need for such counsel was removed by Management Order 1. These parties also contend that discovery can be conducted with enough harmony that reference to a special master will not be necessary. Collins and Consalo assert that use of a special master will advance the litigation by providing a forum for resolving disputes without requiring judicial involvement. They also indicate that the objections to Bartsh are unfounded as he has no close ties to their counsel, and he never undertook acting as local counsel for any of the parties before accepting the position of interim special master.

The special master was appointed in Management Order 1 to serve for ninety days to assist the court in organizing this litigation. As the court indicated at the conference, the parties' actions will determine whether matters are referred to the special master. Their ability to cooperate and work out their discovery disputes among themselves will eliminate the need for referrals and the resulting expense. No sound reason has been shown why Bartsh should not serve as interim special master. He is experienced in multidistrict litigation and as a special master. In the course of his practice he has worked with counsel on both sides of this litigation. The court will reevaluate the need for a master's service as the litigation progresses.

The defendants have agreed that Wayne Faris should continue to act as their liaison counsel to help facilitate communication among the parties and with the court. He appears well-suited to that role and will be appointed.

TCI, Lakin, and Cymba propose that Vance Opperman be appointed lead counsel for the plaintiffs. They also propose that an executive committee of five to nine plaintiffs' attorneys be appointed to help coordinate the plaintiffs' actions. They have offered to include attorneys for Collins and Consalo on the committee. They assert that Opperman is the best choice for lead counsel because of his experience and abilities and that he has already demonstrated that he can work with the defendants to move the litigation. They oppose appointment of Granvil Specks, and along with the non-settling defendants, point to criticism of his actions as co-lead counsel in *In re Fine Paper Antitrust Litigation*, 98 F.R.D. 48, 214–16 (E.D.Pa.1983).

Collins and Consalo argue that Granvil Specks should be appointed lead counsel for the plaintiffs and that Opperman should be made liaison counsel. They point out that Specks brought the first of these lawsuits. They assert that an executive committee is unnecessary. On the other hand, they object to the other plaintiffs' proposal giving lead counsel, rather than the executive committee, ultimate responsibility for prosecuting the litigation during pretrial proceedings. Collins and Consalo oppose Opperman's appointment as lead counsel. They argue that he approached the court with a proposed order without notifying other counsel and failed to arrange a meeting with all of plaintiffs' counsel as directed by Management Order 1.

Plaintiffs' lead counsel should play a vital role in assuring that litigation of this nature is conducted efficiently and effectively. The primary interest to be promoted in the appointment of lead counsel is that of the proposed plaintiffs' class or classes. This interest is best served by counsel who not only is capable and experienced, but can work well with the court and all the parties. This consideration is more significant than which case was filed first, particularly in this instance where none of the cases has progressed significantly and relatively little discovery has been conducted.

The court has considered the plaintiffs' arguments on this issue and has paid close attention to the submissions and actions of the candidates for lead counsel. Specks has taken a belligerent tone in his submissions and comments to the court[3] and has

---

3. This was written prior to receipt of his letter dated February 16, 1989 stating his intent to file

a disqualification motion. That letter relative to

asserted inconsistent positions and proposed an unrealistic time schedule. Having considered all the information before it, the court believes Opperman will best serve the plaintiffs' interests in the role of lead counsel. In the circumstances of this litigation there seems no need to appoint liaison counsel in addition.

The court anticipates that a steering committee for plaintiffs' lawyers will facilitate conduct of the litigation and communication among the divergent views among plaintiffs' counsel. A five member steering committee will be appointed, consisting of counsel representing TCI, Lakin, Cymba, Collins, and Consalo.

This court's prior order allowed submissions by all parties, and all counsel were permitted to speak at the initial conference. This practice will be continued. Counsel are reminded, however, not to repeat arguments which have already been made by others and that dilatory and wasteful actions could affect their remuneration in any attorneys' fee award or cause imposition of sanctions. The court expects that counsel will avoid unnecessary wrangling and work to move this litigation forward.

Accordingly, based upon the above, and all the files, records, and proceedings, herein, IT IS HEREBY ORDERED that:

1. To act on behalf of the plaintiffs, the court appoints:

a. as lead counsel:
Vance K. Opperman
Opperman & Paquin
2200 Washington Square
100 Washington Avenue South
Minneapolis, MN 55401
    612/339-6900

b. as members of plaintiffs' steering committee:
Jerry S. Cohen
Cohen, Milstein & Hausfeld
1401 New York Avenue N.W.
Washington, D.C. 20005
    202/628-3500
Vance K. Opperman
Warren Rubin

Gross, Sklar & Metzger
Sixth Floor
1500 Walnut Street
Philadelphia, PA 19102
    215/561-3600
Granvil I. Specks
Specks & Goldberg
Suite 3500
10 South Wacker Drive
Chicago, IL 60606
    312/715-4000
Burton I. Weinstein
Baskin, Server, Berke & Weinstein
Suite 2800
One North LaSalle Street
Chicago, IL 60602
    312/346-8090

2. Plaintiffs' lead counsel shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

a. determine the position of the plaintiffs on all matters arising during the pretrial proceedings (after such consultation with members of plaintiffs' steering committee and other counsel as may be appropriate) and present such position orally or in writing to the court and opposing parties (personally or by a designee);

b. coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed.R.Civ.P. 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

c. conduct settlement negotiations on behalf of plaintiffs, but without authority to enter binding agreements except to the extent expressly authorized;

d. delegate responsibilities for specific tasks to other counsel in a manner to assure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

e. monitor the activities of co-counsel to assure that schedules are met and unnecessary expenditures of time and expense are avoided;

a future motion has not been considered in deciding these issues or in drafting this order.

f. perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the court;

g. maintain and distribute to co-counsel and to defendants' liaison counsel an up-to-date service list;

h. receive and, as appropriate, distribute to co-counsel orders from the court and documents from opposing parties and counsel; and

i. maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party.

3. The other members of plaintiffs' steering committee shall from time to time consult with plaintiffs' lead counsel in coordinating the plaintiffs' pretrial activities and in planning for trial.

4. To act as liaison counsel on behalf of all defendants, the court appoints:

Wayne Faris

Oppenheimer, Wolff & Donnelly

West 1700 First Bank Building

St. Paul, MN 55101

612/227–7271

5. Defendants' liaison counsel shall:

a. maintain and distribute to co-counsel and to plaintiffs' lead counsel an up-to-date service list;

b. receive and, as appropriate, distribute to co-counsel orders from the court and documents from opposing parties and counsel;

c. maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party; and

d. call meetings of co-counsel for the purpose of coordinating discovery, presentations at pretrial conferences, and other pretrial activities.

6. A copy of each order will be provided to plaintiffs' lead counsel and defendants' liaison counsel for redistribution as appropriate to other counsel and parties.

Parties shall provide plaintiffs' lead counsel with a number of copies of each pleading, motion, or other document they file equal to one plus the number of cases joined in this litigation and pending before this court. Parties shall provide defendants' liaison counsel with a number of copies of each such document equal to one plus the number of defendants involved in this litigation. Pursuant to Fed.R.Civ.P. 5, service on plaintiffs' lead counsel and defendants' liaison counsel constitutes service on other attorneys and parties for whom they are acting, such service being deemed effective seven days after service on lead or liaison counsel.

7. Plaintiffs shall have until February 27, 1989 to file a unified and consolidated complaint or amended complaints.

8. Defendants shall have until March 27, 1989 to file answers or motions pursuant to Rule 12. Pending motions or previous answers to complaints which are not further amended need not be resubmitted. Plaintiffs shall have until April 10, 1989 to respond to defendants' Rule 12 motions. Defendants shall have until April 19, 1989 to submit their reply memoranda. A hearing on defendants' Rule 12 motions shall be held on April 27, 1989 at 9:20 a.m. in courtroom 3 of the Minneapolis courthouse.

9. Plaintiffs shall file any additional or amended motions for class certification by February 27, 1989. Defendants shall have until April 28, 1989 to respond to plaintiffs' motions for class certification. Plaintiffs shall have until June 28, 1989 to submit their reply memoranda. A hearing on defendants' motions for class certification shall be held on July 11, 1989, at 9:20 a.m. in courtroom 3 of the Minneapolis federal courthouse.

10. A schedule for briefing and hearing on the motion of Collins and Consalo for preliminary approval of settlement with defendant Stone Container Corporation will be established in a future order.

11. Plaintiffs have filed and served document requests on defendants, and defendants have responded in part. Any defendant who has not responded to an outstanding document request shall do so on or before February 27, 1989. All documents not objected to shall be produced at loca-

tions to be agreed upon by counsel during the period from February 27–March 27, 1989. The parties are directed to negotiate promptly and in good faith during February 27–March 27, 1989 as to any objections to document requests or interrogatories. Any objections which cannot be resolved by the parties voluntarily may be the subject of appropriate motions.

The parties may serve any further document requests or further interrogatories and may take depositions at any time subject to the management deadlines, the Federal Rules of Civil Procedure, and appropriate local rules.

12. Counsel shall, to the extent possible, coordinate and consolidate their requests for production and examination of documents to eliminate duplicative requests from the same party. No party shall request documents available to it from its own lead or liaison counsel.

13. Counsel shall, to the extent possible, combine their interrogatories to any party into a single set of questions. No question shall be asked that has already been answered in response to interrogatories filed by another party unless there is reason to believe that a different answer will be given.

14. Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter proved under this order, no stamped confidential document may be disclosed to any person. A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER IN CIVIL ACTION NO. MDL–793, UNITED STATES DISTRICT COURT, DISTRICT OF MINNESOTA" to signify that it contains information believed to be subject to protection under Fed.R.Civ.P. 26(c)(7). For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

15. Notwithstanding paragraph 14, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Subject to the provisions of subparagraph (c), such documents may also be disclosed—

a. to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

b. to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has

signed and filed with the court a form containing—

(1) a recital that the signatory has read and understands paragraphs 14 through 18 of this order;

(2) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this court.

c. Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b) who is a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least ten days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purpose of such disclosure. If, within the ten day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion. The court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

16. A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

17. Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other pur-

pose, including business, governmental, commercial, or administrative or judicial proceedings.

18. The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of them (other than exhibits of record) shall be returned to the party or person which produced such document or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

19. All motions to amend pleadings or to add parties or claims must be filed and served prior to March 1, 1990. Discovery shall be completed no later than August 1, 1990. All nondispositive motions must be filed so that they may be heard and decided prior to July 21, 1990. All dispositive motions must be noticed for hearing, filed, and served prior to August 23, 1990. The parties shall be ready for trial by October 1, 1990.

20. The terms of this order shall apply automatically to related actions later instituted in, removed to, or transferred to this court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407).