**In re WIREBOUND BOXES ANTITRUST LITIGATION.**

**This document relates to: All Cases.**

**No. MDL–793.**

United States District Court,
D. Minnesota.

May 19, 1989.

---

MEMORANDUM OPINION
AND ORDER 9

DIANA E. MURPHY, District Judge.

I.

A variety of motions are pending in the five cases joined before this court for pretrial proceedings. Many of these motions are now ready for disposition.

A number of motions were filed in individual cases before or shortly after they were joined in this litigation. These include plaintiffs' motions for class certification and defendants' motions to dismiss for lack of personal jurisdiction, failure to state a claim, or based on the statute of limitations. Motions were also filed for more definite statement and for a pretrial order.

Management Order 2, 128 F.R.D. 256, permitted plaintiffs to amend their complaints or to file a consolidated complaint by February 27, 1989 and required defendants to respond with answers or Rule 12 motions by March 27, 1989. The order set an April 27, 1989 hearing date for defendants' Rule 12 motions. After plaintiffs filed a consolidated complaint on February 27, 1989, all defendants except Stone Container Corporation and Southwest Subsidiary Company [1] moved to dismiss to the extent it seeks relief beyond the statute of limitations period.

---

1. Plaintiffs and Stone Container and Southwest Subsidiary agreed to an extension until May 15, 1989 to answer or otherwise plead to the consolidated complaint; the court granted the extension.

Two plaintiffs, Collins and William Consalo & Sons, Inc. (Collins and Consalo), moved to dismiss the consolidated complaint and to strike a portion of a memorandum of law filed by plaintiffs' lead counsel, Vance Opperman. Their motions also seek sanctions against Opperman.

The Rule 12 motion and the Collins and Consalo motions were heard by the court at the April 27 hearing. Counsel representing each of the plaintiffs and defendants were present.

## II.

■ Plaintiffs Collins and Consalo filed a motion dated March 31, 1989 seeking to dismiss the consolidated complaint or to strike the paragraphs which identified them as plaintiffs in that complaint. The motion of Collins and Consalo also requests the imposition of Rule 11 sanctions against plaintiffs' lead counsel for filing the consolidated complaint.

Collins and Consalo make two arguments in support of their motion. First they assert that the consolidated complaint is a fraudulent pleading because Opperman was never authorized by them to file the consolidated complaint on their behalf. They emphasize that they had previously informed Opperman that they did not want to join in a consolidated complaint.

Second, Collins and Consalo assert that this court cannot authorize the filing of a consolidated complaint without the consent of all plaintiffs unless it is limited to pretrial proceedings, does not supersede the individual complaints, and does not impermissibly merge the rights or defenses of the parties. They contend that the court did not appropriately limit the scope of the consolidated complaint when the court authorized its filing in paragraph 7 of Management Order 2. Collins and Consalo claim that they would be prejudiced by use of the consolidated complaint because it alleges a broader plaintiff class and names more defendants than do their individual complaints.

Opperman responds that the consolidated complaint will promote efficient and effective litigation of these cases during the pretrial phases. He notes that the consolidated complaint is limited to pretrial proceedings as these cases were only transferred for such purposes. Opperman cites authority indicating that the court has the power to direct that a consolidated complaint be filed for pretrial purposes. *E.g., Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1358–60 (2d Cir.1975). He also notes that Collins and Consalo initially indicated a desire for a consolidated complaint in their Proposed Discovery Plan, Briefing Schedules and Other Pretrial Procedures.

A consolidated complaint in these pretrial proceedings will promote judicial economy and the interests of all parties involved. The benefits of the consolidated complaint filed on behalf of the plaintiffs were already apparent at the April 27 hearing. A consolidated complaint is authorized by Federal Rule of Civil Procedure 42(a) and 28 U.S.C. § 1407(a). *Katz*, 521 F.2d at 1358–60; *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F.Supp. 161, 176 (C.D. Cal.1976). The parties' rights and defenses are not impermissibly merged by the consolidated complaint. Such a complaint will operate in the place of the individual complaints for pretrial purposes but will not supersede them. At the conclusion of these pretrial proceedings, the court will undertake appropriate measures to preserve for trial and judgment, if proper, the individual identities of these actions. *See Katz*, 521 F.2d at 1358–59; *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F.Supp. at 177 n. 12. Collins and Consalo have not shown that they are prejudiced by the naming of more defendants and a broader plaintiff class in the consolidated complaint. The consolidated complaint closely tracks the claims made in each of the five individual complaints. Its anticipated, and already proven, benefits greatly outweigh any potential prejudice to the parties.

The motion of Collins and Consalo to dismiss the consolidated complaint and for Rule 11 sanctions should be denied. Opperman did not act improperly in filing the consolidated complaint against their wishes. As plaintiffs' lead counsel, Opper-

man may act on behalf of all plaintiffs as the court allows. *See, e.g., In re Air Crash Disaster at Fla. Everglades on December 29, 1972,* 549 F.2d 1006, 1014–15 (5th Cir.1977). While Opperman was given authority to file the consolidated complaint and other pretrial pleadings on behalf of the plaintiffs, the individual plaintiffs remain free to present divergent positions.[2]

### III.

■ A variety of Rule 12 motions were filed in the individual cases prior to the filing of the consolidated complaint. At the April 27 hearing, the court heard arguments about the effect the consolidated complaint would have on the individual Rule 12 motions in the event the motion of Collins and Consalo to dismiss it was denied. All defendants agreed that the consolidated complaint was intended to allow the litigation to proceed in an expeditious and orderly fashion with unified pleadings, discovery, and other proceedings. The defendants with Rule 12 motions pending in the individual cases demonstrated the consolidated complaint's utility by filing a single motion to dismiss the consolidated complaint to the extent it seeks relief outside the statute of limitations period.

Defendant Little Rock Crate & Basket Co. contended, however, that the consolidated complaint is not relevant to its motions to dismiss for lack of personal jurisdiction. It suggested that it was not required to make a new motion in response to the consolidated complaint because it is only a defendant in the two cases transferred from the Southern District of New York.

Collins and Consalo responded that Management Order 2 required Rule 12 motions to be filed in response to the consolidated complaint. They asserted that Little Rock Crate & Basket Co. waived any objections to the lack of personal jurisdiction of this court or the Southern District of New York by failing to respond appropriately to the consolidated complaint.

The Rule 12 motions pending in the individual cases are now moot. Little Rock Crate & Basket Co. correctly observed that this court's jurisdiction over it is contingent upon the jurisdiction of the Southern District of New York. *See, e.g., In re Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig.,* 81 F.R.D. 482, 487 (E.D.Mich.1979), *aff'd,* 664 F.2d 114 (6th Cir.1981). It nonetheless could have challenged this court's jurisdiction over it by moving under the consolidated complaint.[3] *See In re Equity Funding Corp. of Am. Sec. Litig.,* 416 F.Supp. 161, 177–78 (C.D.Cal.1976). Management Order 2 required that a motion to dismiss for lack of personal jurisdiction or any other Rule 12 motion be made in response to the consolidated complaint. Little Rock Crate & Basket Co. recognized this requirement by reasserting its Rule 12 motions to dismiss relating to the statute of limitations in response to the consolidated complaint. The Rule 12 motions pending in the individual actions should be dismissed as moot.

### IV.

■ All of the defendants except Stone Container Corporation and Southwest Subsidiary Company (defendants) have moved pursuant to Rule 12(b)(6) to dismiss the consolidated complaint to the extent it seeks relief outside the four year limitations period. Defendants note that plaintiffs allege a conspiracy covering more than twenty-eight years, and they contend that the consolidated complaint does not sufficiently or properly plead fraudulent concealment so as to toll the statute of limitations and permit relief beyond the four-year period.

---

2. Collins and Consalo have also moved to strike portions of a memorandum filed by Opperman on behalf of plaintiffs in opposition to a motion by defendants involving all of the cases. This motion should be denied for the same reasons stated in the text.

3. The court notes that it was possible for some defendants to concede personal jurisdiction in one transferor district, and therefore in this district, while contesting personal jurisdiction in another transferor district. The proper course of action in that event might well be for the court to defer disposition of a motion for partial dismissal until such time, if ever, that resolution of the motion was necessary.

Defendants assert that three elements must be pled to support a claim of fraudulent concealment: (1) the use by defendants of fraudulent means to conceal the facts underlying plaintiffs' alleged cause of action; (2) plaintiffs' failure to discover those facts within the limitations period; and (3) plaintiffs' due diligence in attempting to uncover the claim. *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir.1975). Defendants believe the consolidated complaint fails adequately to establish any of these three elements.

Paragraph 45 of the consolidated complaint attempts to satisfy the first element of the fraudulent concealment claim. It purports to identify a number of affirmative actions taken by the defendants to conceal the facts underlying plaintiffs' claims.

Defendants contend that these allegations are insufficient for a variety of reasons. They argue that the allegations of acts preceding 1984 are mere "boilerplate generalizations" which fail to specify adequately any acts of wrongful concealment which are independent of the alleged underlying price-fixing conspiracy. *See Campbell v. Upjohn Co.*, 498 F.Supp. 722, 728 (W.D.Mich.1980) (acts of concealment cannot be found in the original fraud itself), *aff'd*, 676 F.2d 1122 (6th Cir.1982). At most, they assert, the alleged actions constitute a mere passive failure to disclose allegedly unlawful activity. *See Kansas City v. Federal Pac. Elec. Co.*, 310 F.2d 271, 278 (8th Cir.), *cert. denied*, 371 U.S. 912, 83 S.Ct. 256, 9 L.Ed.2d 171 (1962).

Contrary to defendants' suggestions, however, the consolidated complaint makes specific allegations of affirmative acts taken solely to conceal a price fixing conspiracy. Paragraph 45 charges that throughout the period of the alleged conspiracy each of the defendants used various secretive means of communication in establishing and maintaining their unlawful activity such as using plain stationery, circulating a single copy of their "rules," avoiding the use of telephones, and marking their correspondence "personal and confidential." It also charges that all of the defendants par-

ticipated in the submission of rigged bids in order to create the illusion of active competition, and that all the defendants met secretly regarding the conspiracy while falsely representing that they were holding legitimate trade association meetings. Plaintiffs have sufficiently alleged defendants' use of fraudulent means to conceal the alleged cause of action. *Cf. Greenhaw v. Lubbock County Beverage Ass'n*, 721 F.2d 1019, 1030 (5th Cir.1983) (secret agreements and price-setting sessions indicated concealment); *Chambers & Barber, Inc. v. General Adjustment Bureau, Inc.*, 60 F.R.D. 455, 458 (S.D.N.Y.1973) (fraudulent concealment sufficiently pled by allegations of activities of a secretive nature).

Plaintiffs address the second element of the fraudulent concealment claim by stating in paragraph 46 that they "did not know ... of defendants' unlawful conduct prior to January, 1988." Defendants assert that plaintiffs must specify not only when but how they found out about their cause of action. *Dayco Corp.*, 523 F.2d at 394. Defendants further argue that a causal connection must be shown between the alleged acts of concealment and plaintiffs' failure to discover their cause of action, but no authority is cited for this proposition.

■ Plaintiffs respond that they are only required to plead their failure to discover the acts underlying their claims within the limitations period. They contend that they are not required to specify the circumstances of their discovery of the claims until facts are disclosed which suggest that they should have acquired knowledge earlier.

■ The parties make similar arguments regarding the due diligence element of the fraudulent concealment claim. Plaintiffs do not claim that they exercised due diligence in attempting to uncover their claims. They argue that no such requirement exists until facts are shown which should have notified them of a possible claim, requiring them to inquire into it. *See Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 858 F.2d 499, 504 (9th Cir.1988), *cert. denied*, — U.S. —, 109 S.Ct. 795, 102 L.Ed.2d 786 (1989).

Defendants concede that the due diligence element must be triggered by some notice of the potential existence of a cause of action. They argue that such a duty was triggered and that plaintiffs should at least be required to allege that they were comparing prices among the purported competitors.

Defendants have not suggested any circumstances which should have led plaintiffs to suspect the existence of a price-fixing scheme. Plaintiffs have sufficiently pled all that is expected of them under the circumstances of these cases. Discovery should now go forward. If it is revealed that plaintiffs had reason to know of their claims at an earlier time, defendants may later seek appropriate action from the court. Defendants' motion should be denied.

### V.

On December 27, 1988, a number of defendants filed motions in three individual cases seeking a pretrial conference. Those motions are now moot and should be dismissed.

### ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. The following motions pending in *TCI, Inc. v. General Box Co.*, Civ. 4–88–771, are dismissed as moot:

a. Motion of defendant Martin Brothers Container & Timber Products Corp. to dismiss or for a more definite statement filed November 29, 1988.

b. Motion of defendant Martin Brothers Container & Timber Products Corp. to dismiss to the extent relief is sought outside the statute of limitations period filed November 29, 1988.

c. Motion of American Box Co. and other defendants for order setting pretrial conference filed December 27, 1988.

2. The following motions pending in *Collins v. Great American Wirebound Box Co.*, Civ. 4–88–1093, are dismissed as moot:

a. Motion of Altamil Corp. and other defendants to dismiss or for a more definite statement filed October 7, 1988, and joinder therein by defendant Little Rock Crate & Basket Co. filed October 14, 1988.

b. Motion of defendant Martin Brothers Container & Timber Products Corp. to dismiss or for a more definite statement filed October 19, 1988.

c. Motion of Altamil Corp. and other defendants to dismiss to the extent relief is sought outside the statute of limitations period filed October 7, 1988 and joinder therein by defendant Little Rock Crate & Basket Co. filed October 14, 1988.

d. Motion of defendant Georgia–Pacific Corp. to dismiss to the extent relief is sought outside the statute of limitations period filed October 17, 1988.

e. Motion of defendant Martin Brothers Container & Timber Products Corp. to dismiss to the extent relief is sought outside the statute of limitations period filed October 19, 1988.

f. Motion of defendant Little Rock Crate & Basket Co. to dismiss for lack of personal jurisdiction and improper venue filed October 14, 1988.

g. Motion of Altamil Corp. and other defendants for an order setting pretrial conference filed December 27, 1988.

3. The following motions pending in *William Consalo & Sons, Inc. v. Great American Wirebound Box Co.*, Civ. 4–88–1094, are dismissed as moot:

a. Motion of Altamil Corp. and other defendants to dismiss or for a more definite statement filed October 7, 1988, and joinder therein by defendant Little Rock Crate & Basket Co. filed October 14, 1988 in *Collins*, Civ. 4–88–1093.

b. Motion of defendant Martin Brothers Container & Timber Products Corp. to dismiss or for a more definite statement filed October 19, 1988.

c. Motion of Altamil Corp. and other defendants to dismiss to the extent relief is sought outside the statute of limitations period filed October 7, 1988 and joinder therein by defendant Little Rock Crate &

Basket Co. filed October 14, 1988 in *Collins*, Civ. 4–88–1093.

d. Motion of defendant Georgia–Pacific Corp. to dismiss to the extent relief is sought outside the statute of limitations period filed October 17, 1988.

e. Motion of defendant Martin Brothers Container & Timber Products Corp. to dismiss to the extent relief is sought outside the statute of limitations period filed October 19, 1988.

f. Motion of defendant Little Rock Crate & Basket Co. to dismiss for lack of personal jurisdiction and improper venue filed October 14, 1988 in *Collins*, Civ. 4–88–1093.

g. Motion of Altamil Corp. and other defendants for an order setting pretrial conference filed December 27, 1988.

4. The following motion pending in *A. Lakin & Sons, Inc. v. General Box Co.*, Civ. 4–89–1 is dismissed as moot: defendants' motion to dismiss to the extent relief is sought outside the statute of limitations period filed January 6, 1989.

5. The motion of Altamil Corp. and other defendants to dismiss the consolidated complaint to the extent relief is sought outside the statute of limitations period filed March 27, 1989 is denied.

6. The motion of plaintiffs Collins and William Consalo & Sons, Inc., to dismiss the consolidated complaint and for sanctions filed April 3, 1989 is denied.

7. The motion of plaintiffs Collins and William Consalo & Sons, Inc. to strike portions of plaintiffs' memorandum in opposition to defendants' motion to dismiss the consolidated complaint and for sanctions filed April 20, 1989 is denied.