**CITY BANK, Plaintiff,**

v.

**GLENN CONSTRUCTION CORPORA-TION et al., Defendants.**

**Civ. No. 74–204.**

United States District Court,
D. Hawaii.

Sept. 12, 1975.

S. Raymond Okuma, Honolulu, Hawaii, for plaintiff.

Lawrence I. Weisman, Honolulu, Hawaii, for defendants.

## MEMORANDUM AND ORDER

WONG, District Judge.

This action began as an attempt to obtain judgment, jointly and severally, against alleged debtor Glenn Construction Company and four individual guarantors of Glenn's obligations. Two of the guarantors, Norman and Sylvia Sanoff, were served in California. After the Sanoffs failed to make timely answer, the clerk entered default judgment against them. Subsequently, plaintiff served Defendant Glenn Construction by its statutory agent.

Attorney for defendants moved for judgment on the pleadings under Rule 12, and to set aside default judgment under Rule 60, Fed.R.Civ.Proc. Plaintiff moved to amend its complaint to drop Defendant Glenn Construction.

In its supplemental memorandum, attorney for Glenn properly recharacterized its previous motion as a motion to dismiss based upon lack of diversity jurisdiction. Judgment on the pleadings under Rule 12, of course, is available only when the pleadings are closed and there has been no answer yet in this case.

Glenn is correct that its presence as a named defendant in City Bank's complaint would destroy this court's subject matter jurisdiction. The only alleged jurisdictional basis is diversity, and both City Bank and Glenn Construction are Hawaii corporations.

Plaintiff seeks, however, to drop Glenn and continue the suit only against the guarantors, who are California citizens. Under Rule 15(a) a party may amend its pleadings once as a matter of right before a responsive pleading is served. Since no answer has been filed, plaintiff would have the right to drop Glenn Construction and preserve diversity jurisdiction unless defendants' motion cuts off its Rule 15(a) right to amend. On this point the authorities concur: If the time for serving a responsive pleading is extended by a Rule 12(b) motion, the period for amending as a matter of course also is extended. *Wright & Miller, Federal Practice and Procedure,* § 1480, at 406 (1971); cf., *Moore, Federal Practice,* ¶ 15.07[2] at 852.

This court would be inclined to preserve its jurisdiction and grant plaintiff's request to amend were leave of court required. Under Rule 15(a), however, plaintiff need only proceed to file its amended complaint, which will relate back to the date on which it moved to amend.

Defendants Norman and Sylvia Sanoff seek relief from the default judgment on the ground that the judgment is void. Rule 60(b)(4). They claim that the service was constitutionally invalid and that the applicable state statute on service of process was not followed. The court need not reach the constitutional question since it finds that service was not made in the manner prescribed by Hawaii law and therefore this court does not have jurisdiction over the persons of the Defendants Sanoff.

City Bank sought to obtain personal jurisdiction over the Sanoffs by use of Hawaii's "Long Arm" Statute, Haw. Rev.Stat. § 634–35 (Supp.1972). The applicable procedures are found in § 634–36 which specifies that service be accomplished by leaving a certified copy of the summons with the director of regulatory agencies or his deputy, followed by personal or registered-mail service upon the defendant of notice of the service upon the director plus a copy of the complaint. In this case, it is undisputed that service did not go beyond personal service of the defendants in California. Since the director of regulatory agencies was never served, service on the Sanoffs is of no statutory moment. This court at present is without personal jurisdiction. The default judgment is void and must be vacated.

Therefore, Defendant Glenn Construction Corporation's motion to dismiss for lack of subject matter jurisdiction is denied; the request for relief from default judgment by Defendants Norman and Sylvia Sanoff is granted.