**Brett G. PALMER, Plaintiff,**

v.

**CITY OF MONTICELLO and Kent Adair, individually and as Chief of Police, Defendants.**

Civ. No. 89–C–762A.

United States District Court, D. Utah, C.D.

March 5, 1990.

Erik Strindberg, Prince, Yeates & Geldzahler, Salt Lake City, Utah, for plaintiff.

Lynn J. Lund, Salt Lake City, Utah, for defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

ALDON J. ANDERSON, Senior District Judge.

## I. INTRODUCTION

The Plaintiff alleges eight causes of action against the City of Monticello and the city's Chief of Police, Kent Adair. The first and second causes of action are brought under 42 U.S.C. § 1983, alleging a due process violation. The first cause of action alleges deprivation of a property interest and the second deprivation of a liberty interest. The sixth cause of action alleges that plaintiff was terminated for exercising his First Amendment rights. The rest are state law causes of action. Plaintiff seeks reinstatement and damages. After Plaintiff filed his complaint, Defendants moved immediately for a Judgment on the Pleadings. This motion was referred to the United States Magistrate pursuant to 28 U.S.C. § 636(b)(1)(B), and the Magistrate's Report and Recommendation was received by the court on December 5, 1989. The Magistrate found that all requirements of a pre-termination hearing had been met except for notice of the pre-termination hearing. Because such notice was not conceded in the Plaintiff's complaint, the Magistrate recommended that the Defendants' motion for Judgment on the Pleadings be denied. Subsequently, Defendants filed an objection to the Report and Recommendation. Before the court is the Defendant's motion for Judgment on the Pleadings as to the federal claims. The pendant state law claims are not specifically addressed by the Defendants' motion. However, in the event that the court grants Defendants' motion for Judgment on the Pleadings as to the federal claims, Defendants also ask the court to dismiss all state claims for lack of subject matter jurisdiction.

## II. FACTUAL BACKGROUND

Plaintiff was a police officer for the City of Monticello from May of 1985 to the time he was terminated in January of 1989. In January of 1989, Defendant Adair, along with other city officials, confronted the Plaintiff with evidence that on March 28, 1987, he had falsified a traffic citation to justify a stop for drug running. Plaintiff denied the allegations. Later that same month, Defendant Adair notified the Plaintiff that he was being terminated. The alleged incident of March 28, 1987 served as one of the bases for the termination. However, subsequently Plaintiff was also informed that he was being terminated for disclosing confidential information to unauthorized persons. Plaintiff claims that this latter charge had never been raised with him prior to the pre-termination meeting. The Plaintiff was allowed to speak with the Mayor and the councilmen several days later. However, after conferring with Defendant Adair, the city upheld the Plaintiff's discharge.

The Plaintiff claims that he was deprived of a property interest in continued employment without due process of law. The Plaintiff alleges that he had an interest in continued employment, in that he could only be fired for cause and through certain procedures contained in the City of Monticello's Personnel Manual. At the time the City of Monticello hired the Plaintiff, he received a Personnel Manual, setting forth policies and procedures for dealing with employee discipline and discharge. Plaintiff asserts that the City's Personnel Manual created an implied employment contract

between himself and the City of Monticello, and thus also created a property interest in his continued employment, which protected against termination except on a showing of good cause.

Plaintiff also alleges that he was deprived of his liberty interest without due process. He claims that the Defendants made statements to the effect that plaintiff was terminated for dishonesty and possible criminal conduct. These statements allegedly have hurt the Plaintiff's good name and reputation.

The Plaintiff asserts that the process due him with respect to the deprivation of both his property and liberty interest was flawed. He claims that he was not given notice of all of the charges against him prior to his pre-termination hearing. Subsequent to the pre-termination hearing, the Plaintiff alleges that he was told he was being terminated for the falsification of a traffic ticket and also for disclosing confidential information. The Plaintiff claims that he was not given notice of the latter charge prior to or at the first hearing, and thus the process was flawed.

The Plaintiff's final federal claim alleges that the wrongful termination violated his first amendment rights. The Plaintiff alleges that he met with Monticello's Mayor on numerous occasions to discuss the operations of the Police Department, and had similar meetings with two councilmen. Plaintiff claims that because of these communications, Defendant Adair terminated him. Plaintiff asserts that protecting such communication is a matter of public concern and should be protected speech to assure that the town officials have accurate information.

### III. ANALYSIS

The Defendants have moved the court, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for Judgment on the Pleadings. Such a motion, however, is proper only after the pleadings are closed.[1] Rule 7(a) establishes when the pleadings are closed.[2] The filing of an answer usually signals the close of pleadings, unless the answer contains a counterclaim or a cross-claim. *See* Fed.R.Civ.Pro. 7(a). Consequently, a motion for Judgment on the Pleadings is improper before an answer is filed, "although such a motion filed by the defendant before answering may be treated as a motion to dismiss." 2A Moore's Federal Practice ¶ 12.15 (1989), *citing City Bank v. Glenn Construction Corp.*, 68 F.R.D. 511 (D.Hawaii 1975). As Defendants have not filed an answer in this case, a motion for Judgment on the Pleadings is improper. In its discretion, however, the court will treat Defendants' motion as a motion to dismiss.

For the purposes of this motion, the court will assume as true the facts alleged by the Plaintiff. *See Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57 (2d Cir.1985).

### A. Deprivation of Plaintiff's Property Interest Without Due Process

In order to claim that he has been deprived of a property interest without due process, the plaintiff must first prove that he had a property interest. "To have a property interest ... a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1971). To implicate a property interest, the Plaintiff alleges that he had an

---

1. Rule 12(c) provides in pertinent part: "After the pleadings are closed but within such time as not to delay the trial, any party may move for Judgment on the Pleadings." Fed.R.Civ.Pro. 12(c).

2. Rule 7(a) provides:
 (a) **Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.
 Fed.R.Civ.Pro. 7(a).

interest in continued employment, in that he could only be fired for cause and through certain procedures contained in the City of Monticello's Personnel Manual.

■ 1. *Property Interest in Continued Employment.* Whether or not a property interest exists is to be determined under state law. Under Utah law, and absent statutory language to the contrary, if there is no contractually specified term or duration of employment then employment is presumed to be at-will. *See Berube v. Fashion Center Limited,* 771 P.2d 1033, 1044 (Utah 1989); *Ward v. Richfield City,* 776 P.2d 93, 96–97 (Utah App.1989). The consequence of at-will employment is that it carries no vested property interest in continued employment and thus there would be no concern as to due process. *See Ward v. Richfield City,* 776 P.2d 93, 96–97 (Utah App.1989) (discussing the implications of at-will employment).

The Plaintiff has pointed to no statutory or express contractual language that would modify the at-will relationship. As a police officer, Plaintiff is specifically excluded from section 10–3–1105 of the Utah Code Annotated which prohibits termination of other municipal employees other than for cause. Section 10–3–1105 provides:

> All appointive officers and employees of municipalities, other than members of the police departments, fire departments, heads of departments, and superintendents, shall hold their employment without limitation of time, being subject to discharge or dismissal only as hereinafter provided.

By specifically excluding police officers from the purview of this section, the Utah legislature consciously left police employment subject to termination at-will. *See Ward v. Richfield City,* 776 P.2d 93, 96–97 (Utah App.1989). Section 10–3–1105, however, does not prevent police officers from negotiating separate employment contracts, or cities from giving police officers further rights in their employment.

■ Utah law recognizes the possibility of an implied employment contract based on the terms and conditions of an employment manual, which could rebut the at-will presumption. *See Berube v. Fashion Center Limited,* 771 P.2d 1033, 1044 (Utah 1989). In *Berube,* the Utah Supreme Court held that "evidence [of an implied agreement] may be found in employment manuals, oral agreements, and all circumstances of the relationship which demonstrate the intent to terminate only for cause or to continue employment for a specified period." *Berube v. Fashion Center Limited,* 771 P.2d 1033, 1044 (Utah 1989). Relying on *Berube,* the Plaintiff alleges that various provisions of the Personnel Manual limit the grounds for discipline and discharge of an employee, and thus rebut the presumption of at-will employment. The Plaintiff claims that he has a property interest in continued employment which was created by the Personnel Manual. Whether or not the City's Personnel Manual created an implied employment contract may be a question of fact for a jury to decide. *See Berube v. Fashion Center Limited,* 771 P.2d 1033, 1049 (Utah 1989) (sending the question of an implied contract back for determination at trial). Thus, although the court does not expressly find the existence of a property interest in Plaintiff's continued employment, it recognizes that a property interest may exist based on an implied contract. This finding is enough to allow the court to examine the adequacy of the process afforded the Plaintiff with respect to his termination.

■ 2. *Procedural Due Process.* Under the Supreme Court's decision in *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), Plaintiff is entitled to both pre-termination and a post-termination notice and opportunity to respond. *Loudermill* held that:

> [t]he essential requirements of due process ... are notice and the opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement.... The tenured public employee is entitled to oral or written notice of the charges against him an explanation of

the employer's evidence, and an opportunity to present his side of the story. *Id.* at 546, 105 S.Ct. at 1495 (citations omitted). In the present case, the Plaintiff alleges that he was not given notice of *all* of the charges against him prior to his pre-termination hearing and thus did not have an opportunity to respond. At the pre-termination hearing, the Plaintiff alleges that he was told that he was being terminated only for the falsification of a traffic citation. Plaintiff claims that he was subsequently informed that he was also being terminated for disclosing confidential information. He claims that he was not given notice of this latter charge at or before the pre-termination hearing. It is not clear from the pleadings whether the Plaintiff was fired solely for falsifying a ticket or for a combination of the above charges. If Plaintiff can show that his termination was, at least in part, based on disclosing confidential information, a charge of which he was not given notice and a chance to respond, then he may be entitled to relief based on a violation of his due process rights. *See Peery v. Brakke,* 826 F.2d 740, 743 (8th Cir.1987) (holding that lack of notice as to all charges deprives claimant of due process); *Lentsch v. Marshall,* 741 F.2d 301, 306 (10th Cir.1984) (same).

In light of the above facts alleged in the Plaintiff's complaint, it is apparent to the court that the Plaintiff has adequately pled a cause of action under 42 U.S.C. section 1983 for the deprivation of a property interest without due process. The issue now becomes which, if any, of the Defendants may be held liable for Plaintiff's alleged injury. Defendants assert that, even if the claims by the Plaintiff are true, qualified immunity shields each of them from civil liability to the Plaintiff.

■ 3. *Qualified Immunity and Defenses.* Defendant Adair asserts qualified or "good faith" immunity as to the Plaintiff's property interest claim against him individually. It is well established law that "government officials 'generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known.'" *Rozek v. Topolnicki,* 865 F.2d 1154, 1157 (10th Cir.1989), *quoting Harlow v. Fitzgerald,* 457 U.S. 800, 819, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1981). In *Harlow,* the Supreme Court held that "[w]here an official could be expected to know that certain conduct would violate statutory or constitutional rights, he should be made to hesitate; and a person who suffers injury caused by such conduct may have a cause of action." *Harlow v. Fitzgerald,* 457 U.S. 800, 819, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1981). Deprivation of a property interest without due process is a clear constitutional violation. However, whether or not the Plaintiff had a property interest in continued employment was not clearly established at the time of Plaintiff's termination. If, at the time the action occurred, the law "was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." *Id.* at 818, 102 S.Ct. at 2738. The Plaintiff must "come forward with facts or allegations sufficient to show both that the defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred." *Pueblo Neighborhood Health Centers, Inc., v. Losavio,* 847 F.2d 642, 646 (10th Cir.1988). Because the Plaintiff had no clear property interest in continued employment at the time of his termination, the court concludes that Defendant Adair had no way of knowing that Plaintiff's due process rights were implicated.

The basis for Plaintiff's property interest claim lies in the Utah Supreme Court's March 1989 decision in *Berube,* acknowledging the possibility of an implied employment contract, which could modify an otherwise at-will employment. Prior to *Berube* no such modification of an at-will employment arrangement was recognized under Utah law. Because the Plaintiff was terminated in January of 1989, two months before the Utah Supreme Court's decision in *Berube,* the court finds that Defendant Adair could not have known nor, therefore, should he have known of the Plaintiff's

property interest in continued employment. Consequently, Defendant Adair is entitled to qualified immunity as to Plaintiff's property interest claim. Therefore, Defendant Adair's motion to dismiss Plaintiff's property interest claim is granted.

■ Unlike Defendant Adair, Defendant City of Monticello cannot employ the doctrine of qualified immunity to escape civil liability under section 1983. This is clear from the Supreme Court's decision in *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1979) holding that a "municipality may not assert the good faith of its officers or agents as a defense to liability under § 1983." *Id.* at 638, 100 S.Ct. at 1409.

■ The City of Monticello also argues that it is entitled to dismissal as a matter of law because the Plaintiff has failed to allege that his injury was caused by a municipality policy or custom. The law is clear that municipality liability requires the plaintiff to show that his injury was caused by a municipality policy or unofficial custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1977). The Supreme Court in *Monell* concluded that

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy ..., whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694, 98 S.Ct. at 2037. The Supreme Court in *Monell* also observed:

> although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to government "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Id.* at 690–91, 98 S.Ct. at 2035–36. Though it constitutes only a single action by the municipality, the court is convinced that the discharge of a police officer may fall within the rubric of official policy. *See Pembaur v. Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (single decision by a municipal officer can constitute official policy). Therefore, at this juncture, Defendant City of Monticello's motion to dismiss Plaintiff's property interest claim is denied.

B. *Deprivation of Plaintiff's Liberty Interest Without Due Process*

■ Plaintiff also alleges that he has been deprived of a liberty interest without due process of law. To establish a deprivation of a liberty interest in a wrongful termination case, Plaintiff must show that defendants defamed him in the course of his termination. *Paul v. Davis*, 424 U.S. 693, 710, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1975). Once a liberty interest is implicated, the due process protections of the Fourteenth Amendment are activated and the Plaintiff must show that he was not afforded an adequate hearing. *Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1971). Thus, the court first examines whether there exists a liberty interest.

■ The first issue under the above test is whether the Plaintiff has alleged defamation sufficient to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.Pro. 8. The pleadings must put the defendant on notice of what he must defend against. The complaint alleges that "in the course of terminating the plaintiff, defendants Adair and Monticello have on numerous occasions, made and published statements alleging that plaintiff was discharged for dishonesty and because he may have committed a criminal action." The court finds these allegations conclusory and inadequate to put the Defendants on notice of what they must defend against. Plaintiff has failed to allege what statements were actually made by

what Defendant or agent, and when or where such statements were made. Without notice of the statements, Defendants have no way to know how to answer or defend themselves. Absent allegations of facts giving rise to a cause of action for defamation, Plaintiff has failed to claim deprivation of a liberty interest. Thus, the Plaintiff's liberty interest claim is dismissed with leave to amend.

## C. *First Amendment Free Speech Claim*

 Plaintiff alleges that Defendant Adair terminated him, in part, because of several conversations that Plaintiff had with the Mayor regarding police department operations. Plaintiff further asserts that protecting such communications is of public concern to insure that the town officials have accurate information. Although Plaintiff may have a First Amendment claim, *see Mt. Healthy City School District Bd. of Ed. v. Doyle,* 429 U.S. 274, 281–87, 97 S.Ct. 568, 573–76, 50 L.Ed.2d 471 (1977) (discussing a First Amendment claim in the context of a wrongful termination case),[3] the pleadings are inadequate to state a claim under Rule 8 of the Federal Rules of Civil Procedure. Plaintiff ought to plead at least the general content of the alleged conversations so that relevant discovery and answer can be made by the Defendants. Leave to amend may be had for this purpose. Consequently, Defendants' motion to dismiss as to Plaintiff's First Amendment claim is granted, with leave to amend.

## IV. CONCLUSION

The court finds that the Plaintiff has sufficiently stated a cause of action against the City of Monticello under 42 U.S.C. section 1983, for the deprivation of a property interest without due process. Therefore, Defendant City of Monticello's motion to

dismiss Plaintiff's property interest claim is denied. It is also apparent, however, that Defendant Adair is entitled to qualified immunity as to Plaintiff's property interest claim. Thus, Defendant Adair's motion to dismiss Plaintiff's property interest claim is granted with prejudice. Defendants' motion to dismiss is granted as to Plaintiff's liberty interest and First Amendment claims because the claims do not put Defendants on notice of what they must defend against, and thus fail to state a claim upon which relief may be granted. Plaintiff is granted leave to amend these two claims. Additionally, because no federal claims remain against Defendant Adair, the pendant state claims against Defendant Adair must be dismissed for lack of subject matter jurisdiction. Because Plaintiff's property interest claim against Defendant City of Monticello remains unresolved, the pendant state claims against the City of Monticello will be allowed to remain.

IT IS SO ORDERED.

---

**3.** The Supreme Court in *Mt. Healthy* observed: Even though [the plaintiff] could have been discharged for no reason whatever, and had no constitutional right to a hearing prior to the decision not to rehire him, he may nonetheless establish a claim to reinstatement if the decision not to rehire him was made by reason of his exercise of constitutionally protected First Amendment freedoms.

*Id.* at 283–84, 97 S.Ct. at 574 (citations omitted). The Court further noted that the plaintiff had the burden of showing that his speech was constitutionally protected and that it was a "motivating factor" in his termination. *Id.* at 287, 97 S.Ct. at 576. After the plaintiff has met that burden, the employer may defend by showing that it would have terminated the plaintiff even absent the plaintiff's constitutionally protected statements. *Id.*