**In re PRUDENTIAL SECURITIES IN-CORPORATED LIMITED PART-NERSHIPS LITIGATION.**

**MDL No. 1005 (MP).**
**No. M–21–67 (MP).***

United States District Court,
S.D. New York.

Nov. 28, 1994.

---

* THIS DOCUMENT RELATES TO: 93 Civ. 5976 (MP); 93 Civ. 6261 (MP); 93 Civ. 7708 (MP); 93 Civ. 8805 (MP); 94 Civ. 2852 (MP) and 94 Civ. 2871 (MP).

Goodkind Labaton Rudoff & Sucharow by Lawrence A. Sucharow, Joseph V. Sternberg; Milberg Weiss Bershad Hynes & Lerach by Melvyn I. Weiss; and Duker & Barrett, plaintiffs' executive committee by William F. Duker and Kenneth Alberstadt, New York City, for plaintiffs.

Owen & Davis by James M. Davis, New York City, for Fogelman defendants.

Esanu Katsky Kornis & Siger, New York City, for partnership defendants in the Kinnes action.

Shearman & Sterling, New York City, for American Barrick defendants.

Jones Day Reavis & Pogue, Los Angeles, CA, for Lorimar defendants.

Crosby, Heafey, Rach & May, Oakland, CA, for defendant Kenneth Nitzberg.

Liskow & Lewis, New Orleans, LA, for Graham Corporate defendants.

Orrick, Herrington & Sutcliffe, San Francisco, CA, for Spanos defendants.

Stone, Pigman, Walther, Wittman & Hutchinson by Stephen Kupperman, New Orleans, LA, for defendant John Graham.

MILTON POLLACK, Senior District Judge.

In a docket comprised of six separate but related claims transferred to this Court by the Judicial Panel on Multi–District Litigation for consolidated or coordinated proceedings, the plaintiffs seek to simplify pretrial proceedings by use of a Proposed Consolidated Complaint to be deemed to have been served in each Constituent Action for respon-

sive pleading and pretrial purposes. Cost efficiency and simplification of pretrial procedure ground the application. Certain Non-Prudential Defendants ("CNPD")[1] and four newly named individuals to be joined as defendants have raised objections against the use of such a Consolidated Complaint and against the particular Proposed Complaint. The objectants contend: that use of such a Complaint in each Constituent Action would be tantamount to an impermissible untimely amendment of the underlying complaints which plaintiffs may no longer file as a matter of course; and if leave to so amend were sought it would have to be denied on the merits; that the Proposed Consolidated Complaint would accomplish an impermissible merger of the several claims and the defendants' defenses thereto; that such a coordination of the Constituent Complaints would cause undue prejudice; that the coordination is proposed in bad faith; that the coordination would be futile as to some Counts in the underlying complaints which are time-barred; and that newly proposed defendants John Graham and three individuals who style themselves the "Equitec Defendants" are not even named in any of the Constituent Complaints and would but should not be added to the litigations merely by use of a Proposed Consolidated Complaint.

For the reasons appearing hereafter, the plaintiffs' motion will be granted and the use of the Proposed Consolidated Complaint for pretrial purposes will be approved.

## BACKGROUND

On April 14, 1994, the Judicial Panel on Multidistrict Litigation entered an order transferring the Constituent Actions[2] to this Court. On May 19, 1994, this Court entered Order No. 1, which consolidated the Constituent Actions for pre-trial use. This would have the effect of avoiding unnecessary dupli-

cation and reduce the potential for confusion. Paragraph 5(a) of this Order authorized the plaintiffs to serve a proposed consolidated complaint, and paragraph 5(b) authorized service of that consolidated complaint on "any additional defendants (who are not currently parties in any of the Consolidated Actions)" along with a summons and a copy of Order No. 1.

On June 8, 1994, the plaintiffs served the Proposed Consolidated Complaint, which demands relief on behalf of a single alleged class consisting of all persons or entities (except for those who have settled, obtained a judgment, or who are associated with a defendant) who suffered damage because of their purchase of an interest in a Prudential limited partnership between January 1, 1980 and December 31, 1991. It contains eleven counts, the first five of which allege various civil RICO conspiracies. The Counts of this complaint are described in Part II of this Opinion. On June 27, 1994, this Court entered Order No. 2, which superseded Order No. 1 but maintained the consolidation of the Constituent Actions until further order.

The plaintiffs then moved this Court (1) to have the Constituent Complaints deemed amended to conform to the Proposed Consolidated Complaint, and (2) to have each defendant named in the Proposed Consolidated Complaint be deemed to have been served with the Proposed Consolidated Complaint as an amended complaint in each Constituent Action by virtue of having been served with the Proposed Consolidated Complaint pursuant to Orders Nos. 1 and 2. The plaintiffs characterize their motion as seeking solely to reduce the expense of making the amendments that they claim to be entitled to make. The plaintiffs emphasize that they are *not* seeking leave to amend the Constituent Complaints. The plaintiffs contend (over objection of defendants) that Fed.R.Civ.P. 15(a)

---

1. The following defendants constitute the Certain Non-Prudential Defendants: the Fogelman Defendants, the Related Defendants, the Brandywine Defendants, the Spanos Defendants, the Lorimar Defendants, the American Barrick Defendants, the Graham Corporate Defendants, John Graham, Kenneth Nitzberg, William Couden, and Frank Terzolo.

2. The "Constituent Actions" are: *Kahn v. Prudential–Bache Properties, Inc.*, 93 Civ. 5976 (MP); *Dumbroff v. Fogelman*, 93 Civ. 6261 (MP); *Bottner v. A.G. Spanos Residential Partners–86*, 93 Civ. 7708 (MP); *Gorman v. Almahurst, Inc.*, 93 Civ. 8805 (MP); *Kinnes v. Prudential Securities Group, Inc.*, 94 Civ. 2852 (MP); and *Massad v. Prudential Insurance Company*, 94 Civ. 2871 (MP).

permits them to amend these Constituent Complaints as of right at this stage of the case because no defendant has answered any Constituent Complaint, nor has any plaintiff amended its complaint. Were this Court to deny their motion for deemed amendment, the plaintiffs intend to amend each Constituent Complaint separately and serve each defendant in the Constituent Actions with a copy of the amended complaint.

A group of defendants who style themselves the Certain Non–Prudential Defendants ("CNPD") has objected both to the Proposed Consolidated Complaint and to the plaintiffs' motion to deem the Constituent Complaints amended to conform to the Proposed Consolidated Complaint. CNPD do not dispute that this Court may order the use for pretrial purposes of a consolidated complaint, nor do they dispute that this Court may deem a consolidated complaint to be an amended Constituent Complaint.[3] The gravamen of their objections is to the substance of the claims the plaintiffs now seek to make, not to the specific procedural device by which the plaintiffs wish to assert these claims. CNPD contend that permission to amend the complaint to allege a global conspiracy pursuant to Rule 15(a) which would test the propriety of the amendment is requisite and should be denied regardless of whether the allegations appear in a consolidated complaint or in the Constituent Complaints.

CNPD offers two arguments in rebuttal to the plaintiffs' claim that they are entitled to amend the Constituent Complaints as a matter of course under Rule 15(a). First, that Rule permits amendment as a matter of course at any time before a responsive pleading is served and here the parties relied on ¶ 6(c) of Order No. 2, which deemed all allegations of wrongdoing denied, in deciding not to answer the Constituent Complaints.[4] Second, they maintain that ¶ 6(a) of Order No. 2 has stripped plaintiffs of the right to amend the Constituent Complaints once as a matter of course.[5] CNPD argues that allowing the plaintiffs to amend the Constituent Complaints as of right so that they conform to the Proposed Consolidated Complaint allows the plaintiffs effectively to avoid obtaining this Court's approval for the Proposed Consolidated Complaint as contemplated in ¶ 6(a).[6] In opposing the Proposed Consolidated Complaint, CNPD cites Fed.R.Civ.P. 42(a) and ¶¶ 6(a) and (b) of Pretrial Order No. 2 as authorizing this Court to review the substance of the allegations contained therein.

CNPD argues that the new allegations that the plaintiffs makes are objectionable under both Rule 15(a) and 42(a) for several reasons. First, CNPD argue that these alle-

3. CNPD argue that ¶ 2(a) of Order No. 2 herein prevents this Court from deeming service of the Proposed Consolidated Complaint as service of an amended Constituent Complaint until every defendant has been served at least once with a complaint in their Constituent Action. Their argument is that: "The moving defendants would not object to the incorporation of a proper consolidated pleading by reference in any new summons that is issued and served in the Constituent Actions, provided that the entire pleading is served at least once on each party." Paragraph 2(a) of Order No. 2 states that pretrial consolidation does not have the effect of "making any entity or person a party to an action in which such entity or person has not been joined and served in accordance with the Federal Rules of Civil Procedure."

4. Paragraph 6(c) provides that:
Until further order of the Court, no defendant need answer or otherwise move with respect to any of the existing complaints in the Consolidated Actions, the Consolidated Complaint, the *Romano* complaint, or the complaint in any action later transferred to this Court for con-

solidation or coordination, but may do so, at its option. All allegations of wrongdoing or misconduct in the Consolidated Complaint, the *Romano* complaint or any other complaint coordinated or consolidated herein are deemed denied.

5. Paragraph 6(a) provides in relevant part that

Within fifteen days after service of such Proposed Consolidated Complaint upon counsel for any defendant in the Consolidated Actions such defendant may present arguments in letter form to be filed and docketed as provided in paragraph 3 above advising the Court of reasons why said defendant should not be included within the Proposed Consolidated Complaint or why consolidation is inappropriate as to that defendant.

6. CNPD do not say what standard should govern the plaintiffs's effort to amend the Constituent Complaints. However, they appear to assume that Rule 15(a)'s standard for granting leave of court to amend, "freely given when justice so requires," should govern here.

gations impermissibly merge the claims originally pleaded in the Constituent Complaints in violation of the Second Circuit's decisions in *Garber v. Randell*, 477 F.2d 711 (2nd Cir.1973), and *Katz v. Realty Equities Corporation of New York*, 521 F.2d 1354 (2nd Cir.1975). CNPD argue that the proposed amendments of the Constituent Complaints would constitute a de facto merger and are nothing more than an artifice to evade the prohibition against merger. Second, CNPD asserts that allowing the plaintiffs to allege that all defendants participated in a global conspiracy against all plaintiffs would unduly prejudice the defendants. CNPD point to sources of prejudice that will exist regardless of which complaint the plaintiffs use as the vehicle for their allegations: (1) alleging a global conspiracy will as a practical matter compel all defendants to involve themselves in all discovery concerning all other defendants, a result that CNPD claims the Second Circuit recently disapproved of in *In re Repetitive Stress Injury Litigation*, 11 F.3d 368, 374 (2nd Cir.1993) ("A party may not use aggregation as a method of increasing the costs of its adversaries—whether plaintiffs or defendants—by forcing them to participate in discovery or other proceedings that are irrelevant to their case."); (2) the plaintiffs would gain unwarranted leverage in settlement negotiations because of the threat of joint and several liability; (3) the global conspiracy allegations obscure distinctions among defendants and will lead to confusion of issues; and (4) any delay of more than six months by this Court in deciding motions to dismiss would allow the plaintiffs to begin taking depositions to substantiate the conspiracy allegations.[7] In addition, CNPD argues that the proposed amendments will effectively consolidate the Constituent Actions for trial as well as pretrial purposes and render any remand of the Constituent Actions impossible.

There are other objectants to an amendment of the Constituent Complaints and to the Proposed Consolidated Complaint. Three individual defendants calling themselves the Equitec Defendants[8] and defendant John Graham, all of whom are also among the defendants styling themselves the Certain Non–Prudential Defendants, have filed additional objections reflective of the fact that neither the Equitec Defendants nor John Graham have ever been named in any of the Constituent Complaints. The plaintiffs first named these defendants in the Proposed Consolidated Complaint. These defendants argue that this Court should apply the balancing test propounded by the Judicial Panel on Multidistrict Litigation in *In re Library Editions of Children's Books*, 299 F.Supp. 1139 (J.P.M.L.1969), to determine whether the plaintiffs can name them as defendants in the Proposed Consolidated Complaint to add them by amendment to the defendants already named in the Constituent Complaint. In *In re Library Editions*, the Panel considered whether to order the transfer of three actions in which some defendants had not yet been served with process or notified about the pendency of the transfer hearing. The Panel held that the existence of unserved, unnotified defendants in a case before the Panel mandated that the Panel apply a stricter standard for determining whether the § 1407(a) requirements were met that transfer promote the convenience of the parties and the just and efficient conduct of the action. This standard is reproduced in the margin.[9]

---

7. Under ¶ 6(e) of Order No. 2:

 No defendant shall be compelled to provide discovery during the pendency of a motion to dismiss filed by that defendant *except that* plaintiffs may, subject to the criteria below, propound requests for production of documents to such moving defendant and may take appropriate steps to compel production of such documents.... If any motion to dismiss is not decided within six months of the date of its submission to the Court, plaintiffs may propound such other and further discovery as is permitted by the Federal Rules of Civil Proce-

dure and the Local Civil Rules of this Court....

8. The Equitec Defendants are Kenneth Nitzberg, William Couden, and Frank Terzolo. All are former officers of Equitec Financial Group, Inc.

9. "Factors which may be significant in determining the propriety of transferring such cases include: (1) the strength of the showing that transfer is desirable, (2) the presence or absence of plaintiff's good faith in naming the unserved defendants, (3) the extent of plaintiff's effort to serve each defendant with process, (4) the degree

The Equitec Defendants and John Graham both argue that application of the *In re Library Editions* standard does not support their inclusion in the multidistrict litigation now before this Court. The Equitec Defendants argue that individual factual questions predominate in their cases and that the inconvenience they will suffer as individual defendants of limited means litigating far from home outweighs any judicial economy that results from their involvement in this case. Defendant John Graham maintains that his inclusion in a consolidated complaint would not serve the convenience of the parties nor the interests of justice, because (1) as a Louisiana resident engaged in a new business venture unrelated to his former employment, he would suffer great inconvenience if forced to defend himself before this Court; (2) the plaintiffs would suffer no prejudice were he excluded from the Proposed Consolidated Complaint because he adds little to the settlement value of the litigation and would remain available for deposition; and (3) most of the investors in the limited partnerships with which he was involved have already settled with him in other pending actions in Louisiana and Texas.

### DISCUSSION

### I. The Plaintiffs' Right To Amend As Of Course.

 Rule 15(a), Fed.R.Civ.P., provides two standards that govern the amendment of a complaint depending on whether a defendant has answered:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

This rule governs the addition of parties by amendment of a complaint as well as the addition of allegations against existing defendants. *See Washington v. New York City Board of Estimate*, 709 F.2d 792, 795 (2nd Cir.1983) (citing Rule 15(a) in support of the conclusion that "Washington's May 14, 1981 request to amend the caption to add Meekins and Wilkinson as defendants was his first attempt to amend his complaint. Since the Board did not answer the complaint until August 26, 1981, Washington was entitled on May 14, 1981 to amend his complaint as a matter of right, and his request at that time should have been granted.") (footnote omitted); *First City National Bank and Trust Co. v. Federal Deposit Insurance Company*, 730 F.Supp. 501, 515 (E.D.N.Y.1990) (denying motion by defendants added to the complaint by amendment to dismiss the complaint pursuant to Rule 21 for misjoinder of parties on the grounds that plaintiff was entitled under Rule 15(a) to amend the complaint as of right).

 The Court concludes that Paragraph 6(c) of this Court's Order No. 2 has *not* terminated the plaintiffs' right to amend as a matter of course. The first phrase of ¶ 6(c) indicates that the paragraph's function is merely to postpone, not to eliminate, the necessity of answering the complaint: *"Until further order of the Court,* no defendant need answer or otherwise move ..." (emphasis added). This phrasing clearly reflects that the Court contemplated a time at which the defendants could no longer avoid answering the complaints. Therefore, ¶ 6(c) is simply an order extending the time for answering complaints in *In re Prudential.* Extending the time to answer likewise extends the time

to which the unserved defendant's interests appear to be the same as those of the defendants coming before the Panel, (5) the number of unserved defendants, and (6) the importance of their presence before the Panel in aiding its decision." *Id.* at 1143.

The Equitec Defendants also argued in their original memorandum that the plaintiffs' requested relief would violate their statutory and constitutional due process rights by denying them an opportunity to object to the decision of the Judicial Panel on Multidistrict Litigation to

transfer the Constituent Actions. However, in their Memorandum in Further Support of the Equitec Defendants' Objections, the Equitec Defendants *do not mention this argument at all* and therefore appear to have abandoned it. In any event, in the very case the Equitec Defendants cite, the Panel held that "a 1407 transfer is not necessarily prevented by the failure of an unserved defendant to receive notice of the proposed transfer." *In re Library Editions*, 299 F.Supp. at 1142.

in which a plaintiff may amend its complaint once as a matter of course under Rule 15(a). *See City Bank v. Glenn Construction Corporation,* 68 F.R.D. 511, 513 (D.Haw.1975) ("If the time for serving a responsive pleading is extended by a Rule 12(b) motion, the period for amending as a matter of course also is extended."); *see also Pallant v. Sinatra,* 7 F.R.D. 293, 299–300 (S.D.N.Y.1945) (holding that, where two defendants "had not answered the original complaint, their time to do so having been extended by stipulation," the plaintiff could serve these two defendants with an .amended complaint as a matter of course); Wright & Miller, 6 Federal Practice and Procedure § 1480 at 578 ("However, if the time for serving the responsive pleading is extended by a Rule 12(b) motion, by an order of the court under Rule 12(a), by a motion for enlargement of time under Rule 6(b), or by a stipulation, the period for amending as of right also is enlarged.") (footnotes omitted).

▮ Nor has ¶ 6(a) of Order No. 2 terminated the plaintiffs' entitlement to amend the Constituent Complaints once as a matter of course. CNPD contend that ¶ 6(a) evinces this Court's intention that the plaintiffs must obtain this Court's approval for the Proposed Consolidated Complaint, and therefore the conforming amendments that the plaintiffs seek effectively thwart the Court's intention by accomplishing a *de facto* consolidation of the Constituent Actions. CNPD have read too much into ¶ 6(a), which does no more than create a procedure for filing letter objections to the Proposed Consolidated Complaint in an attempt to avoid unnecessary motion practice. Paragraph 6(a) has no effect on the standards that govern approval of the Proposed Consolidated Complaint or on the plaintiffs' entitlement to amend the Constituent Complaints.

Nor must this Court consider the several factors enumerated in *In re Library Editions of Children's Books* before the plaintiffs may amend the Constituent complaints to add new defendants to those already named in the Constituent Actions. The citation of *In re Library Editions* by Graham and the Equitec Defendants is inapposite. The multifactor test that *In re Library Editions* established applies to the *Panel's* decision whether to exercise its unique power to transfer a case under 28 USC § 1407. Nothing in the Panel's decision indicates that this test, even assuming that it applies to defendants who were not even named as parties when the Panel ordered transfer of the Constituent Actions, limits a plaintiff's right to amend once as a matter of course or that it requires a transferee court to review amendments under any special test.[10]

*In re Equity Funding Corp. of America Securities Litigation,* 416 F.Supp. 161 (C.D.Cal.1976), confirms that a § 1407 transfer does not impinge on the parties' right to add new parties by amendment after transfer under Rule 15. The *Equity Funding* court required the filing of a consolidated complaint, and the court permitted the plaintiffs to name defendants in the consolidated complaint who were not defendants in a transferred action on the grounds that the plaintiffs could have accomplished the same result by amending the consolidated complaint un-

**10.** The Panel's discussion of the remedies of a party served after transfer is quoted below:

A 1407 transfer will not deprive an unserved defendant of any right which is entitled to judicial protection. Congress, possessing nationwide sovereignty and plenary power over the jurisdiction of the federal courts, has given no indication that, in creating 1407, it intended to expand the territorial limits of effective service. Therefore, proper service must still be made on each defendant pursuant to the rules of the transferor court even after a transfer under 1407. Any party served with process after such a transfer may raise any and all motions available to a defendant properly served before transfer.[ ]

An unserved defendant, upon being served, will have ample opportunity to object to the transfer. Should a compelling showing for special treatment be made, the Panel has full power to "separate any claim, cross-claim, counterclaim, or third-party claim and remand any of such claims before the remainder of the action is remanded." 28 U.S.C. 1407(a).
299 F.Supp. at 1142 (footnote omitted). The omitted footnote gives as examples of "motions available to a defendant properly served before transfer" motions to quash service and motions to dismiss for want of jurisdiction. *See id.* at n. 1. This footnote does not require that such motions be evaluated according to any special standard reflective of the § 1407 transfer of unserved defendants.

der Rule 15(a) or Rule 21. Defendants who had been added in this manner objected that the court "has no power to allow amendments to the transferred pleadings, because 28 U.S.C. § 1407 allows transfer only of 'pending' actions," so that the transferee court could not add parties to the transferred actions after transfer. *Id.* at 177. The court rejected the argument that § 1407 limited the addition of parties to a complaint by amendment:

> Fed.R.Civ.Pro. 15 and 21 apply to pretrial procedure, and thus allow amendment of complaints transferred pursuant to 28 U.S.C. § 1407. Only pending actions can be transferred pursuant to § 1407, but this does not mean the transferred actions are no longer subject to the same procedures as any other action at the pretrial stages. The "pending" clause of § 1407 describes a limitation on the power to transfer actions under the statute. *It does not affect the power of the transferee court to fashion pretrial procedures in accordance with the Federal Rules of Civil Procedure once transfer is complete.*

*Id.* (emphasis added).

Thus, the plaintiffs are entitled to amend the Constituent Complaints as of right. The plaintiffs could simply serve and file copies of the Proposed Consolidated Complaint, recaptioned to conform to one of the six Constituent Complaints, to effect the amendments that they seek. This Court would have no opportunity to consider the substance of these amendments until a proper motion challenging the allegations in the amended complaints were brought.

However, serving every defendant in the Constituent Actions with an amended complaint substantially identical to the Proposed Consolidated Complaint already served on these defendants would be wasteful and would not serve any useful purpose. The plaintiffs' motion will therefore be granted.

## II. The Defendants' Motions to Reject the Proposed Consolidated Complaint

The Proposed Consolidated Complaint sets forth the following claims. **Count I** alleges a civil RICO conspiracy under 18 U.S.C. § 1962(c) and (d), among the Prudential Organization Defendants, PRP, and the Spanos Organization Defendants. Count I also serves as a model for pleading thirty-four subcounts that follow the same pattern as Count I but substitute the different groups of alleged conspirators, RICO enterprises, and offering periods listed in Appendix H. Through a similar procedure, **Count II** and its thirty-four subcounts allege violations of 18 U.S.C. §§ 1962(a) and (d). None of these counts alleges that defendants named in one subcount conspired with defendants named in other subcounts. In contrast, **Counts III** through **V** allege that all defendants named in the Proposed Consolidated Complaint conspired together to commit racketeering acts and to violate 18 U.S.C. § 1962(a) and (c).

The remaining counts allege fraud **(Count VI)**, negligent misrepresentation **(Count VII)**, breach of fiduciary duty **(Count VIII)**, breach of a third-party beneficiary contract **(Count IX)**, breach of implied covenant **(Count X)**, and violations of New Jersey's RICO statute **(Count XI)**. **Counts VI through VIII** allege that nearly all[11] of the defendants named in the Proposed Consolidated Complaint are jointly and severally liable for one another's torts. **Counts IX and X** each are directed at a single defendant: Prudential Securities in **Count IX** and Prudential Insurance in **Count X**. **Count XI** duplicates the first five counts but substitutes an analogous state statute, N.J.Stat. §§ 2C:41–1 *et seq.*, for the RICO statute.

Rule 42(a), Fed.R.Civ.P., provides that:

---

**11.** These counts name specific groups of defendants that include most, but not all, defendants named in the Proposed Consolidated Complaint. *See, e.g.,* Proposed Consolidated Complaint at ¶ 174 (naming as defendants in Count VI "The Prudential, PSI, all Prudential General Partner Defendants listed in Appendix C–1 with respect to the offering of the respective Partnerships of which they were general partners, Ball, Darr, Proscia, Sherman, Pittman, Kelso, Martin, Gior-

dano, DeFur, and all Sponsoring Organization Defendants listed in Appendices D–1 through D–10 with respect to the Partnerships that they offered, sold and managed as described in Appendices D–1 through D–10"). This list does not include some of the PSI Individual Defendants, such as Joseph Quinn, named in Appendix C at ¶ 16, but the list otherwise sweeps in nearly every defendant in the complaint.

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

This rule governs consolidation for pre-trial purposes. *See Fireman's Insurance Company of Newark v. Keating*, 753 F.Supp. 1137, 1141 (S.D.N.Y.1990) ("This rule also permits the consolidation of actions at the pretrial stage."). The existence of a common question of law or fact is a prerequisite to consolidation. *See Werner v. Satterlee, Stephens, Burke & Burke*, 797 F.Supp. 1196, 1211 (S.D.N.Y.1992) ("When there are no common issues of law and fact, consolidation is inappropriate.").

■■■ In light of this Court's decision that service of the Proposed Consolidated Complaint is deemed to have amended the Constituent Complaints, consolidating the Constituent Actions for pretrial purposes under the Proposed Consolidated Complaint is clearly proper. As a result of the amendment of the Constituent Complaints, six duplicative actions presenting substantially identical issues of fact and law are now pending before this Court. Were this Court to reject the Proposed Consolidated Complaint, the parties would be forced to proceed under the amended Constituent Complaints. This alternative would multiply sixfold the paperwork with which the parties and this Court would have to contend without altering the substance of the allegations against which the defendants would have to contend. Avoiding unnecessary paperwork is a proper reason to use a consolidated complaint for pretrial purposes. *See Katz*, 521 F.2d at 1359 (noting that "the overall economies in reducing the proliferation of duplicative papers warrant the trial judge's efforts" to consolidate for pretrial purposes seventeen similar actions, where "the answers to each complaint would be substantially the same").

■■■ When duplicative actions are pending before the same court, consolidation of such actions is proper under the rule of *Walton v. Eaton Corp.*, 563 F.2d 66 (3rd Cir.1977), a case in which the plaintiff filed two employment discrimination actions in the same district court, the second of which was "almost in all respects ... indistinguishable from her first" except that the latter action demanded a jury trial, did not allege a class, and asked for compensatory rather than punitive damages. *Id.* at 71. The district court consolidated these actions for all purposes. The Court of Appeals held that consolidation was permissible:

The district court's decision to consolidate Mrs. Walton's two actions was obviously unobjectionable. When a court learns that two possibly duplicative actions are pending on its docket, consolidation may well be the most administratively efficient procedure. If the second complaint proves to contain some new matters, consolidation—unlike dismissal of the second complaint without prejudice or staying the second action—will avoid two trials on closely related matters. If, on the other hand, the second complaint proves to contain nothing new, consolidation of the two actions will cause no harm *provided* that the district court carefully insures that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed. In particular, the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints, Fed.R.Civ.P. 15, and demand for trial by jury, Fed.R.Civ.P. 38.

*Id.* In *Walton*, the Court of Appeals concluded that the plaintiff was attempting to amend her first complaint after the time for amending as of right had passed and to undo a waiver of trial by jury through the device of filing a second complaint and consolidating it with the first. *See id.* Nevertheless, consolidation remained appropriate, so long as the plaintiff was not permitted to regain through the second action the right to a jury trial that she waived in the first action.

■■■ No such abuses are present here: the plaintiffs' will not gain any greater rights from consolidation of the Constituent Actions for pretrial purposes than they would have

enjoyed in the absence of consolidation. All of the Constituent Complaints were subject to amendment as a matter of course; the Proposed Consolidated Complaint has not expanded the plaintiffs' entitlement to amend the Constituent Complaints. Therefore, proceeding for pretrial purposes under the Proposed Consolidated Complaint will not enable the plaintiffs to circumvent Rule 15; indeed, consolidation will have no effect on the substance of the plaintiffs' allegations or the identities of the defendants. Nor has any party suggested that the proposed consolidation is a subterfuge to increase the rights of the plaintiffs to trial by jury.

Consolidation of the amended Constituent Actions for pretrial purposes is also proper under the standards established by the two leading Second Circuit cases discussing consolidated complaints. The first case, *Garber v. Randell*, 477 F.2d 711 (2nd Cir.1973), involved the appeal of White & Case, a law firm originally named a defendant in only one constituent action, from the trial court's order that a consolidated amended complaint be filed. The allegations against White & Case concerned three transactions conducted during a limited time period and did not support claims against the law firm by all plaintiffs in the consolidated action. The court held that the order was appealable as a collateral order and that the consolidation was both unfair and in violation of the rule in *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933), which held that "[c]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." The second case cited by CNPD, *Katz v. Realty Equities Corporation of New York*, 521 F.2d 1354 (2nd Cir.1975), involved an appeal from the decision of Judge Pollack to require the filing of:

> [a] single consolidated complaint, supplemented and amended, ... [which] shall set forth the claims for relief asserted in the constituent actions, collated into separately stated counts by class and derivative categories as to each kind of securities holders and [which] at the head of each count shall specifically designate by name or other convenient reference the defendants against whom such count is asserted.

*Id.* at 1356. Two defendants, the independent auditors of defendant Realty Corporation, who were each named in four constituent actions and served in two of them, objected to the consolidated complaint on three grounds: (1) impermissible merger, (2) undue prejudice, and (3) *Garber* was indistinguishable and controlling. The Court of Appeals affirmed the use for pretrial purposes of a consolidated complaint.

The factors to which the *Katz* court pointed in sustaining the consolidated complaint at issue in *Katz* are also present in the instant case. First, the Proposed Consolidated Complaint does not effect an impermissible merger of any parties' claims or defenses. The key factor in the court's determination that no merger occurred was that the consolidated complaint did not supersede the constituent complaints:

> There is here, however, no indication that the court below intended a physical merger of claims or that one was accomplished despite the court's intent. Rather, it is evident that the district court limited the use of the consolidated complaint to the controversies' pretrial stages in order to prevent unnecessary duplication and in order to reduce the potential for confusion.

*Id.* at 1358.

> Also, it is stated in the consolidation order that any decision on a trial consolidation would await the conclusion of the pretrial proceedings. The instructions contained in paragraph 2 of the district court order for the collation of the separately stated counts and for the specific designations of the defendants is a further indication that the trial court, while retaining the particular attributes of each of the several complaints, was attempting to incorporate all the complaints into a single document for convenient pretrial handling.

*Id.* at 1359.

> Limited presently to the pretrial stages, the consolidated complaint does not supersede the individual complaints and does

not impermissibly merge the rights or defenses of the various parties.

*Id.; see also In re Wirebound Boxes Antitrust Litigation,* 128 F.R.D. 262, 264 (D.Minn.1989) ("The parties' rights and defenses are not impermissibly merged by the consolidated complaint. Such a complaint will operate in place of the individual complaints for pretrial purposes but will not supersede them. At the conclusion of these pretrial proceedings, the court will undertake appropriate measures to preserve for trial and judgment, if proper, the individual identities of these actions.") (citing *Katz v. Realty Equities Corporation of New York,* 521 F.2d 1354, 1358–59 (2nd Cir.1975)). *Compare Garber,* 477 F.2d at 716 ("we find that the district court's consolidation order, although purporting to be for 'pretrial purposes,' went beyond mere consolidation of the three suits for such purposes. In addition, it directed the filing of the Consolidated Amended Supplemental Complaint, *which superseded the complaints filed in the three separate actions.*") (emphasis added).

The Proposed Consolidated Complaint does not supersede any Constituent Complaint. Paragraph 2(a) of this Court's Order No. 2 consolidated the Constituent Actions "for pretrial purposes" and further provided that "pretrial consolidation does not constitute a determination that these actions should be consolidated for trial. . . ." In rejecting the defendants' objections to the Proposed Consolidated Complaint, this Court does not now make any determination whether the Constituent Actions should be consolidated for any purpose other than for pretrial procedures.[12]

Second, the Proposed Consolidated Complaint does not cause the defendants to suffer undue prejudice by virtue of consolidating the Constituent Complaints. The *Katz* court specifically considered and rejected the same forms of prejudice that CNPD now claims it

will suffer under the Proposed Consolidated Complaint. The *Katz* court recognized that the prejudice about which the *Katz* appellants complained arose not from consolidation itself but from the substance of the allegations made:

> The appellants' fear, perhaps substantial, that because of their peripheral involvement in the principal transactions involved in the litigation they will suffer prejudice, does not result from the consolidation of the complaints. The Katz and Herman complaints, like the other constituent complaints, parallel the SEC complaint, and are broad in scope; in these complaints the appellants are also peripheral defendants.

*Id.* at 1362. As in *Katz,* the source of the potential prejudice about which CNPD complain are the allegations that the defendants participated in a global conspiracy. The plaintiffs are entitled to prosecute this theory of the case under the Constituent Complaints regardless of this Court's decision whether the Proposed Consolidated Complaint should be rejected; therefore, as was the case in *Katz,* consolidation is not the source of the potential prejudice that CNPD fear.

Finally, the facts of *Garber* are clearly distinguishable from the facts before this Court. The *Katz* court read *Garber* as standing for the broad proposition that:

> the validity of a consolidated order must be examined with reference to the special underlying facts prompting the order, and with close attention alike to the potential economies of the consolidation on the one hand, and the threatened prejudice to a party or parties, on the other hand.

*Id.* at 1361. The special underlying fact that distinguishes the instant case from both *Katz* and *Garber* is that the plaintiffs are entitled to amend the Constituent Complaints so that they plead the same allegations pleaded in the Proposed Consolidated Complaint. Rejecting the Proposed Consolidated Complaint

---

**12.** Furthermore, CNPD's memorandum of law bases its claim that the Proposed Consolidated Complaint effects an impermissible merger of claims on the fact that some counts allege the joint and several liability of all defendants or a global conspiracy. This contention therefore is not properly directed at Counts I and II (RICO), Count IX (breach of third-party beneficiary contract), Count X (breach of implied covenant), and parts of Count XI (New Jersey RICO), because these counts neither allege a global conspiracy nor seek to hold all defendants jointly and severally liable. These counts merely organize claims against distinct groups of defendants according to the legal theory asserted against them.

will not enable CNPD to avoid defending against those allegations; it would instead complicate CNPD's defense by requiring them to serve and file six copies of every paper directed against those allegations. Moreover, *Garber* itself suggests that when, as here, the constituent complaints sought to be consolidated are substantially identical, proceeding for pretrial purposes under a consolidated complaint is appropriate. *Garber* acknowledges that "[t]here may be circumstances, e.g., the existence of substantially complete identity between the claims and defenses in all actions, where a consolidated complaint would be appropriate." *Garber,* 477 F.2d at 717 n. 4.[13]

### CONCLUSION

Service of the Proposed Consolidated Complaint is deemed to be service of an amended Constituent Complaint. As of the date of this opinion, the Constituent Complaints are amended to conform to the allegations stated in the Proposed Consolidated Complaint.

The Court finds that the consolidation effected by the Proposed Consolidated Complaint is appropriate, and the defendants' objections are denied. The denial of the defendants' objections to the Proposed Consolidated Complaint does not forecast this Court's response to any future motion that any defendant may bring attacking the substance of the plaintiffs' allegations and is without prejudice to such a motion. Furthermore, this decision is without prejudice to any motion by any defendant, including the Equitec Defendants and John Graham, seeking dismissal on the basis of lack of personal jurisdiction, improper venue, or defective service of process.

So Ordered.

13. *Waldman v. Electrospace Corporation,* 68 F.R.D. 281 (S.D.N.Y.1975), provides further support for the proposition that the substantial identity of constituent complaints renders the pretrial use of a consolidated complaint appropriate. *Waldman* is a securities fraud case in which four defendants, who were former directors of the defendant corporation, objected to consolidation of the *Waldman* action with two other securities fraud cases related to *Waldman* on the grounds that (1) they were actors on the periphery of the fraudulent course of conduct alleged, (2) consolidation would result in merger, (3) increase the complexity of their trial, and (4) increase the expense of discovery for the objecting director-defendants. The court held that none of these objections were compelling and consolidated the actions for all purposes. In a footnote, the court noted that the intention of the plaintiffs in the other two actions to amend their complaints to add the objecting director-defendants in part distinguished this case from *Garber v. Randell:*

> This case is highly distinguishable from *Garber v. Randell, supra,* on which defendants rely. In *Garber* several of the fifteen plaintiffs specifically disassociated themselves from the claim against White & Case, whereas here the Dubin and Wolf plaintiffs have represented to the court an intention to request leave to amend their complaints so as to name all defendants now charged in the *Waldman* action.

*Id.* at 284 n. 5.