**ATTORNEYS' LIABILITY PROTECTION SOCIETY, Plaintiff,**

v.

**J. Randal KLEIN, et al., Defendants.**

**Civil Action No. 96–2101–EEO.**

United States District Court, D. Kansas.

June 11, 1996.

Bruce Keplinger, Norris, Keplinger & Logan, L.L.C., Overland Park, KS, for plaintiff.

Thomas A. Hamill, Martin, Pringle, Oliver, Wallace & Swartz, L.L.P., Overland Park, KS, for Perry, Hamill & Fillmore, L.C.

*MEMORANDUM AND ORDER*

EARL E. O'CONNOR, District Judge.

This matter is before the court on plaintiff's motion entitled "Opposition to Notice of Removal" (Doc. # 13). The Youngbloods oppose the motion. For the reasons stated below, plaintiff's motion is granted.

In August 1993, defendants Joel R. Youngblood, III, and Rebecca J. Youngblood filed suit against J. Randal Klein and the law firm of Perry, Hamill & Fillmore ("the Perry firm"), in the United States District Court for the District of Arizona. The complaint alleged eight counts, including, *inter alia,* claims for negligence, fraud, civil conspiracy, breach of contract, breach of fiduciary duty, and racketeering.

In February 1996, plaintiff filed a complaint for declaratory judgment in the United States District Court for the District of Kansas, and named as defendants Klein, the Perry firm, and Joel and Rebecca Youngblood. The complaint requests that the court declare the rights and liabilities of the parties under the terms of the insurance policy at issue, and adjudge the plaintiff not liable .for the investigation, defense, and payment of any judgments which might be recovered against the defendants Klein and the Perry firm for any claims based on allegations of

---

intentional or fraudulent conduct, sexual misconduct, and any claims for emotional, punitive, or exemplary damages.

According to plaintiff's brief, on March 18, 1996, the Youngbloods' attorney faxed a letter to plaintiff's counsel, objecting to the Youngblood's inclusion in the lawsuit. In response, on March 20, 1996, plaintiff filed an amended complaint, deleting Joel and Rebecca Youngblood as parties. The Youngbloods subsequently filed two Notices of Removal with this court, seeking to remove plaintiff's declaratory judgment action to the United States District Court for the District of Arizona. Plaintiff thereupon filed the instant motion in opposition to the Notice of Removal.

Plaintiff objects to the Notice of Removal on the grounds that, once plaintiff filed its amended complaint deleting the Youngbloods as parties, the Youngbloods were no longer parties to the suit, and consequently had no standing thereafter to seek removal. We agree.

Federal Rule of Civil Procedure 15(a) governs and provides, in pertinent part:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

It is undisputed that, to date, the Youngbloods have not filed an answer. Because the Youngbloods had not filed an answer by March 20, 1996, under the plain language of Rule 15(a), plaintiff was entitled to file an amended complaint on that date as a matter of course, and was not required to ask leave of court. *See, e.g., City Bank v. Glenn Constr. Corp.*, 68 F.R.D. 511, 513 (D.Haw. 1975) (since no answer had been filed, the plaintiff was entitled to amend its pleadings once as a matter of right, and was therefore entitled to drop corporate debtor as a defendant and continue the suit only against the individual guarantors).

After the amended complaint was filed, the Youngbloods were no longer parties to the case, and accordingly, no longer had standing to petition the court for removal. Thus, we hold that the two notices of removal filed by the Youngbloods are without force or effect. In light of the foregoing conclusion, we need not address plaintiff's additional grounds for opposing removal.

IT IS THEREFORE ORDERED that the motion of plaintiff Attorneys' Liability Protection Society entitled "Opposition to Notice of Removal" (Doc. # 13) is granted. The court hereby declares the two Notices of Removal filed by the Youngbloods to be null and void. This case will remain in the United States District Court for the District of Kansas for resolution.